May Term,
1855.
———
BEARD
v.
DENNIS.

---

## BEARD and Another *v.* DENNIS.

*A.*, *B.* and *C.*, being engaged in the sale of agricultural implements in *Richmond*, as partners, purchased the stock of *D.* and *E.*, who were engaged in the same business in that place, the latter agreeing in writing, in consideration of 350 dollars paid to them, not to resume said business in said place. *A.* afterwards purchased the interests of *B.* and *C.* in the firm. *D.* and *E.* took in another partner into their firm and resumed their trade in agricultural implements in said place. *A.* then filed in the Court of Common Pleas a complaint to enjoin *D.* and *E.* from prosecuting said business in said place.

*Held*, that the Court of Common Pleas had jurisdiction of the cause.

*Held*, also, that *B.* and *C.* were not necessary co-plaintiffs.

*Held*, also, that the circumstance that *D.* and *E.* took in another partner, did not authorize them to resume said business.

*Held*, also, that the restraint imposed by said agreement was reasonable and valid.

A contract in general restraint of trade is void; and no contract in restraint is implied from the mere sale of the good-will of a business.

A contract restraining a party from trading within limits that may, by the Court, be adjudged reasonable and not injurious to the public, is valid.

Such a contract, like other contracts, must be supported by a consideration; but the parties may agree upon what it shall be, so that it is legal; and the mere purchase of the stock in trade of a party, is a sufficient consideration for an agreement of the latter to abstain from carrying on the particular trade in the place where the purchaser is to engage in it.

Where the stipulations in a contract in restraint of trade are divisible, and a part impose reasonable and a part unreasonable restraints, Courts will give effect to the former and not to the latter.

Remedies for the infringement of such contracts exist at law as well as in chancery.

An injunction will lie to restrain the violation of such agreements,

APPEAL from the *Wayne* Court of Common Pleas.

PERKINS, J.—Complaint in the *Wayne* Common Pleas by *Dennis* against *Beard* and *Sinex*, asking an injunction. Injunction granted.  Appeal to this Court.

The case may be shortly stated as follows :

*Dennis, Mumford* and *Hooker*, partners, were largely engaged in the city of *Richmond, Indiana*, in the sale of agricultural implements.  *Beard* and *Sinex* were in the same trade, in the same place.  They sold out their stock on hand to *Dennis & Co.*, and agreed not to resume the same business in the city of *Richmond*, for the consideration, in round numbers, of 350 dollars.  This agreement was in writing.  The consideration was paid.  Afterwards, *Dennis* bought out *Mumford* and *Hooker*, and carried on the business himself.  *Beard* and *Sinex* took in an additional partner by the name of *Dunn*, and resumed their trade in agricultural implements.  *Dennis* filed this complaint for the purpose of having them perpetually enjoined from prosecuting that trade in the city of *Richmond*, and nothing more.  He did not seek an account and compensation.

The appellants object that the Court of Common Pleas had not jurisdiction of the cause.  It is expressly conferred by statute.  2 R. S., p. 19, s. 21, and p. 59, s. 136.

They object that it is not *Beard* and *Sinex*, but *Beard, Sinex* and *Dunn*, who are carrying on the business, and hence, that there is no violation of the agreement to discontinue trade made by *Beard* and *Sinex*.

It is too plain for argument, that the latter persons can not escape the effect of this contract, if it is otherwise valid, by merely taking in an additional, perhaps nominal, partner.

They also object that *Dennis* can not maintain this proceeding in his own name, but must, if at all, prosecute in the name of *Dennis, Mumford* and *Hooker*.

As the complaint is simply to obtain an injunction, we think *Dennis* can maintain it in his name alone.  The injunction is to operate for his benefit—he seems to be alone interested in its existence.  But were he not, it is, when granted on his application, just as serviceable to *Mumford*

and *Hooker*, as though obtained on the joint application of all three of the parties, and no more detrimental to the appellants. Had the complaint sought to obtain compensation or damages, as the legal interest in the contract made the foundation of the proceeding is in *Dennis, Mumford* and *Hooker*, it would probably have been necessary, even in this equitable proceeding, to have made them all parties, that it might bar any other suit by them for that purpose.

The remaining inquiry is, Can the remedy adopted be had upon the contract in question? Anciently the common law strongly discountenanced all contracts in restraint of trade. In one of the earliest cases of which we have an account, (Year Book, 2 *Hen.* 5,) where a dyer was bound not to exercise his craft for two years, *Hull*, J., not only held the bond void as against the common law, but added, "by God, if the plaintiff were here, he should go to prison till he had paid a fine to the king." *Claggett* v. *Bachelor*, Owen 143.—Cro. Eliz. 872. But views as to policy have undergone a change upon this subject. In 1711, occurred the case of *Mitchell* v. *Reynolds*, regarded as the leading authority in this branch of the law. It is reported in 1 P. Williams 181, and given in the first volume of the *American* edition of *Smith's* Leading Cases, at side-page 172. Judge *Parker* delivered an elaborate opinion, collecting and classifying the previous cases bearing upon the subject, and coming to the conclusion, that a "promise to restrain one's self from trading in a particular place, if made upon a reasonable consideration, is good; *secus*, if it be on no reasonable consideration, or to restrain a man from trading at all." Under this decision it was regarded, till the case of *Hitchcock* v. *Coker*, cited below, as a question for the Court, in every instance, to determine whether the consideration for the promise was reasonable or adequate; but the law of the case of *Mitchell* v. *Reynolds* has been subsequently modified, and, as *Parke*, B., states colloquially, in the argument by counsel in *Green* v. *Price*, 13 M. & W. 695, "all that doctrine about the *adequacy* of the consideration has been upset by *Hitchcock* v. *Coker*, 1 Scott, N. R. 123; 1 Man. and G. 195; and the true ques-

tion now is, whether the contract is injurious to the public or not. If it be, it is void; if it be not, the parties may contract for what consideration they please."

Latterly cases have multiplied upon this class of contracts, and the state of the law upon it, at present, may be briefly stated thus:

1. That a contract in general restraint of trade is void; and that no contract in restraint is implied from the mere sale of the good-will of a business.

2. That a contract restraining a party from trading within limits that may, by the Court, be adjudged reasonable and not injurious to the public, is valid. *Avery* v. *Langford*, 1 Kay 663, (Eng. V. Ch. 1854.) In *Ward* v. *Byrne*, 5 M. & W. 548, the doctrine was carried to the extent of holding, where a person had agreed that he would not follow or be employed in the business of a coal merchant for, &c., that he not only could not set up the business for himself, but that he could not act in it as clerk for another, nor could he act as soliciting agent. *Turner* v. *Evans*, 2 E. & B. 512; (75 E. C. L. R.) See *Miller* v. *Elliott*, 1 Ind. R. 484; *Taylor* v. *Owen and Others*, *Taylor* v. *Moffatt*, and *Taylor* v. *Moffatt and Others*, 2 Blackf., pages 301 to 308, inclusive.

3. That such contract must be, like contracts generally, upon a consideration; but that the parties may agree upon what it shall be, so that it is legal; and that the mere purchase of the stock in trade of a party is a sufficient consideration for that party's agreement to abstain from carrying on the particular trade in the place where the purchaser is to engage in it. *Green* v. *Price, supra.—Pierce* v. *Woodward*, 6 Pick. 206.

4. That where the stipulations in a contract are divisible, and a part impose reasonable and a part unreasonable restraints, Courts will give effect to the former and not to the latter. *Lange* v. *Werk*, 2 Ohio State R. 519.—*Mallan* v. *May*, 11 M. & W. 653.—*Chesman* v. *Nainby*, 2 Ld. Raym. 1456.—2 Stra. 739.

5. That remedies exist at law and in chancery. Those at law need not be specified. In chancery are:

1. Certainly, injunctions restraining violations of such

agreements. *Williams* v. *Williams*, 2 Swanston's Ch. R. 253, and the numerous cases cited in a note in 3 Dan. Ch. Pr. (Perk. ed.) 1875.—*Holden's Administrator* v. *McMakin*, 1 Parson's Select Eq. Cases, 270. And,

2. Perhaps decrees for specific performance. Note to *Williams* v. *Williams, supra*.

In 1820, Lord *Eldon* said, in *Baxter* v. *Conolly*, but it was not necessary to decide, that a Court would not execute a contract for the sale of a good-will of a trade. 1 Jac. and W.'s Ch. R. 576.

In 1822, Sir *John Leach*, Vice Chancellor, decreed a specific performance of an agreement for such sale. *Bryson* v. *Whitehead*, 1 Simons and Stuart 74.

And, in 1826, Lord *Gifford*, Master of the Rolls, in *Coslake* v. *Till*, 1 Russ. Ch. R. 376, a case in which the point did not arise, put a *quære* as to whether a Court of Equity would decree a specific performance of such a contract. He noticed the *dictum* of Lord Chancellor *Eldon*, in *Baxter* v. *Conolly, supra*, but made no reference to the express decision of Sir *John Leach*, above referred to.

It is not our purpose to intimate any opinion on this point, but simply to note the cases bearing upon it.

Proceeding now to apply the law to the case under consideration, we find that the contract of sale was executed, the restraint coupled with it limited to the city of *Richmond*, as to territory, but was indefinite as to time. The contract was made in *June*, 1853. The consideration, we have seen, was sufficient, the law gives the remedy resorted to, and the only remaining question is, was the restraint reasonable?

In *Mallan and Another* v. *May, supra*, the rule is laid down, that "every restraint of trade which is larger than what is required for the necessary protection of the party with whom the contract is made, is unreasonable and void, as injurious to the public on the ground of public policy."

This rule we think correct, and tested by it, the restraint, in the case before us, can not be considered as too large as to space. And in *Hitchcock* v. *Coker, supra*, and *Archer* v.

*Marsh*, 6 Adolph. & Ellis 959, it is decided that indefiniteness as to time alone is no objection.

Looking at the whole case, then, we think the contract under consideration reasonable and valid. Its existence rendered the partnership establishment of *Dennis*, *Mumford* and *Hooker* more valuable. That value would enter into the consideration of the sale and purchase of that establishment, and entitle the purchaser to the benefit of the agreement to exclude *Beard* and *Sinex* from setting up the same business. Coll. on Part. (Perk. ed.) p. 148. Hence *Dennis* should be entitled to relief.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Julian* and *W. P. Benton*, for the appellants.

*W. A. Bickle* and *O. P. Morton*, for the appellees.