## STERLING *v.* KLEPSATTLE.

SPECIFIC PERFORMANCE.—The rule that a court will not compel specific performance, unless it can, at the time, execute the whole contract on both sides, or, at least, such part of it as the court can ever be called upon to perform, is subject to some exceptions. In cases of contracts where the consideration is entire, but the performance separate, this rule does not always prevail.

SAME.— A sold to B a tract of land, and put him in possession, agreeing to execute to him, on payment of the purchase money, a title bond, conditioned for the execution of a deed, as soon as A got his deed. Suit by B to compel the execution of the title bond, alleging payment of the purchase money.

*Held,* that B was entitled to a decree for the specific performance of the contract.

APPEAL from the *Allen* Circuit Court.

GREGORY, J. — Suit by *Klepsattle* against *Sterling,* to enforce the specific performance of a contract. It is averred in the complaint that on the 15th of *February,* 1858, the plaintiff purchased of the defendant certain described land, for the sum of fifty dollars, and that the defendant put the plaintiff in possession of the premises, and agreed with him to execute a title bond therefor on the payment of the purchase money, conditioned for the conveyance thereof to the plaintiff as soon as the defendant got *his deed* for said land; that the plaintiff has fully paid the defendant for said land, and demanded the title bond, which the defendant refused to execute, &c.

A demurrer was overruled to the complaint. The defendant answered in two paragraphs, amounting substantially

to the general denial. Trial by jury; special findings, on which the circuit court decreed specific performance of the agreement charged in the complaint.

The evidence is in the record, and makes a strong case for the plaintiff; and the only question in the record is, has a court of equity power to decree the specific performance of such an agreement?

It is urged that this contract is one and indivisible, and therefore the plaintiff has failed to show that he is entitled to specific performance, as complete relief cannot now be obtained, the defendant not having the legal title to the land.

The rule that a court will not compel specific performance, unless it can, at the same time, enforce, the whole contract on both sides, or, at least, such part of it as the court can ever be called on to enforce, is subject to some exceptions.

In cases of contracts where the consideration is *entire,* but the performance *separate,* the rule does not always prevail.

The case of *Avery* v. *Langford,* 1 Kay's Reports, 663, was this: "In 1852, the plaintiff, *Avery,* was a general merchant, residing in *Boscastle,* in Cornwall, and trading in coals, timber, building materials, lime, corn, malt, manure, and other articles of general merchandise, and the defendant, *Langford,* was also a general merchant at *Boscastle;* and litigation having arisen between them as to the boundary of certain lands belonging to the plaintiff and defendant, it was compromised upon the terms contained in a written agreement, entered into between them in *March,* 1852, which were, in effect, that the plaintiff should purchase of the defendant, for the sum of £1600, all the defendant's lands at *Boscastle,* within certain limits, free from incumbrance; *Mr. Langford* to enter into bond conditioned to pay as liquidated damages to *Mr. Avery* the sum of £2000, if the said *Langford* be, after the 29th day of *September* next, concerned in any trading establishment within the district comprised between *Morwenstow* and *New Quay,* and

*Launceston* and *Bodmin.* This was a suit by *Avery* for specific performance of this agreement. Decree: specific performance, with costs; the form of the bond to be settled in chambers, if the parties differ." When it is remembered that a court of equity will restrain by injunction the violation of such an agreement, and perhaps decree specific performance, (*Beard et al.* v. *Dennis,* 6 Ind. 200,) this case bears a strong analogy to the case at bar.

*Mr. Fry,* in his work on Specific Performance, on the authority of the case of *Granville* v. *Betts,* 19 L. J. Ch. 32, says: "But where the contract is to do a thing, and to execute a deed for that purpose, and this deed is not merely incidental, but, so to speak, covers the whole of the executory part of the contract, the court will, it seems, enforce the contract by the execution of the deed, though the acts to be done be future, and to be done from time to time."

In the case of *Ogden* v. *Ogden,* 4 Ohio State Rep. 182, it was held that an agreement to execute a mortgage to pay money at a future day would be specifically decreed.

A deed of defeasance will be required to be executed, when, by fraud, accident, or mistake, the grantee has failed to execute it. 3 Atkyns 389; 2 *id.* 258; *id.* 99.

We take it for granted that the defendant, as he put the plaintiff in possession of the land, and agreed to make a conveyance when *he got his deed* therefor, was, at the time, the equitable owner of the land, with the right of possession, and as the record shows this, and that the defendant would not be entitled to his deed for some time thereafter, we think that a specific performance may be decreed. The purchase money being fully paid, a title bond, with the right of possession, will forever, under our statute, (2 G. & H., § 596, p. 283,) protect the plaintiff in his possession, and make the deed of conveyance more a matter of form than otherwise. We think substantial justice was done in this case. 2 G. & H., § 101, p. 122.

The judgment is affirmed, with costs.

*W. M. Crane* and *W. S. Smith*, for appellant.

*L. M. Ninde* and *R. S. Taylor*, for appellee.

