### CRAWFORD *v.* VERNER.

1. A deed wherein the description of the property sought to be conveyed is so vague and indefinite as to afford no means of identifying any particular tract of land is inoperative either as a conveyance of title or as color of title.

2. Where, as in the present case, instruments of this character are admitted in evidence over proper objection by the defendant, and the plaintiff is thus given the benefit of a theory of recovery to which he is not entitled, a verdict in favor of the plaintiff can not be permitted to stand, unless the evidence irrespective of such deeds demands a finding that he had title to the premises in dispute.

3. An objection to the admission in evidence of a deed because it was not executed before an officer authorized by law to attest such instruments may be met by proving by one of the subscribing witnesses that the deed was duly executed and delivered in his presence.

Submitted April 14, — Decided May 11, 1905.

Complaint for land.    Before Judge Russell.    Franklin superior court.    November 2, 1904.

*W. R. Little, B. F. Camp,* and *Skelton & Swilling,* for plaintiff in error.    *J. B. Jones* and *A. G. & Julian McCurry,* contra.

EVANS, J.    This action was complaint for land, brought by H. C. Verner against W. H. Crawford.    The jury returned a verdict in favor of the plaintiff for the premises in dispute.    The defendant made a motion for a new trial, on the usual grounds, and also because the court erred in admitting in evidence certain deeds embraced in the plaintiff's abstract of title.    The motion for a new trial was overruled, and the defendant excepted.

1. In support of his title, the plaintiff tendered in evidence a deed from William B. Brewer and Charlotte Brewer to David Mitchell, dated March 14, 1818, purporting to convey to him 180 acres, more or less, "adjoining lands of Robert Skelton and others, beginning at a post oak corner, thence to pine corner, thence to a dogwood corner, thence to a pine corner, and thence to the beginning corner."    Another deed to David Mitchell, from one Weems, dated September 10, 1824, was offered in evidence by the plaintiff, the description of the land given in this instrument being as follows: "A tract of land containing 150 acres, more or less, being a part of a survey of three hundred acres adjoining said Mitchell and John Baird, in Franklin county, on water of Towns creek."    The plaintiff also tendered in evidence still another deed to David Mitchell, dated December 6, 1825, from Moses Ladell (or Sidell), purporting to convey "all that tract or parcel of land containing six acres, more or less, situate in Franklin county on Towns creek, beginning at a white oak on east bank of Towns creek, thence north 38 w to a pine corner, thence 58 w to a white oak, thence down said creek to beginning corner."    The defendant objected to each of these deeds, when offered in evidence, on the ground that the description of the land therein referred to was wholly insufficient and did not show that the instrument was intended to cover any part of the land in dispute.    The objections of the defendant were overruled, the court holding that the deeds were admissible in evidence as color of title.    In so doing, we think, the court committed error.    One essential of a deed is that the description of the premises sought to be thereby conveyed must be sufficiently full and definite to afford means of identifica-

tion.    While it is not necessary that the instrument should embody a minute or perfectly accurate description of the land, yet it must furnish the key to the identification of the land intended to be conveyed by the grantor.    If the premises are so referred to as to indicate his intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract.    The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable.    *Andrews* v. *Murphy,* 12 *Ga.* 431.    Thus, if the tract be described as being known by a given name, or if reference is made to a more particular description in another deed or survey and plat, the instrument is prima facie good as a conveyance of title, and extrinsic evidence is admissible for the purpose of applying it to its subject-matter if there is in point of fact a tract of land which corresponds to the description given in the deed.    And where it can be gathered from the words employed in a deed that the intention of the grantor was to convey the whole of the tract owned by him, even a vague description of the same will suffice, if by competent parol evidence its precise location is capable of ascertainment and its identity can thus be established; but if the description is so indefinite that no particular tract of land is pointed out by the instrument itself, the description must be held so defective as to prevent the instrument from operating as a conveyance of title. *Huntress* v. *Portwood,* 116 *Ga.* 351, 356, and cases cited.    The same certainty of description which is requisite to constitute an instrument a conveyance of title is required in an instrument which is relied on as color of title.    *Luttrell* v. *Whitehead,* 121 · *Ga.* 699; *Pitts* v. *Whitehead,* Id. 704.    The description in the deeds offered in evidence in the present case was totally inadequate; the land was not described as a known tract, nor was its shape indicated, nor metes and bounds given, nor the names of the adjoining landowners on the different sides mentioned, nor were there any descriptive words employed which could serve to identify or locate the land.

2. We will next inquire whether or not the error committed in admitting in evidence these deeds was harmful to the defendant.

Neither the plaintiff nor the defendant claimed to have a perfect paper title from the State; both relied upon prescription. It was conceded that the land in dispute was original forest, with perhaps the exception of a small portion not exceeding one acre. The plaintiff contended that David Mitchell purchased, from the Brewers, from Weems, and from one Sidell, different tracts of land which he consolidated into a plantation on which he lived, and that this plantation embraced the premises in dispute; that David Mitchell had been in actual possession of a portion of the land included within the boundaries of this plantation, cultivating part of it, from the time he purchased, his last purchase being made in 1825, and so remained in possession up to the date of his death in 1853. The plaintiff undertook to connect his title with that of David Mitchell by introducing a deed from the heirs of David Mitchell to John D. Verner, executed in 1869; by a deed from John D. Verner to Malinda Verner, made in 1885; and by a deed to himself from Malinda Verner, subsequently executed during that year. He also proved actual possesssion by his predecessors in title, and by himself, of a part of the premises which were known as the David Mitchell plantation, and offered testimony tending to show that the tract of land in dispute was within the boundaries of that plantation. There was also evidence introduced in his behalf to the effect that just prior to the time John D. Verner purchased this plantation from the Mitchell heirs, the defendant pointed out the line which divided their property from the land claimed by him; that, according to the boundaries pointed out by the defendant, the strip of land in controversy formed a part of the David Mitchell plantation, and that, upon the faith of the declarations made by the defendant as to where the dividing line ran, John D. Verner immediately went and closed his trade with the Mitchell heirs. On the other hand, the defendant denied making any such declarations to John D. Verner, and introduced the following evidence in support of his claim of title by prescription to the premises sued for: Deed from Thomas A. Bryant to Edward M. Camp, dated December 20, 1855; deed from Camp to Hugh Crawford, dated August 25, 1860; testimony that Hugh Crawford subsequently died, and on a division of his estate a portion of the land described in the foregoing deeds was assigned to Samuel J. Verner, the husband

of a daughter of Hugh Crawford, in 1864; and a deed from Samuel J. Verner to defendant, executed during the same year. The defendant also offered evidence in support of his contention that the several conveyances under which he claimed covered the land in dispute, and that he and his predecessors in title had been in actual possession of a portion of the tract described in the deed to him from Samuel J. Verner.

Under the testimony submitted pro and con, the jury would have been warranted in reaching the conclusion that both the plaintiff and the defendant held deeds which covered the particular strip of land in controversy, though neither had ever been in actual possession of it nor had his predecessors in title. If such be the truth of the case, then there could be no prescription subsequent to 1855, for the reason that neither the plaintiff nor the defendant nor their predecessors in title had anything more than a constructive possession of the premises in dispute. Where a person having a paper title to land is in actual possession of a part only of the tract, the law construes his possession to extend to the boundaries of the tract; hence adjacent owners may be in constructive possession of the same land, it being included within the boundaries of two different tracts; in such cases no prescription can arise in favor of either. Civil Code, § 3586. Accordingly, if there was no prescriptive title which had ripened since 1855, because of the lapping over of the respective paper titles, the right of the plaintiff to recover would have to depend upon his proving to the satisfaction of the jury that the defendant had estopped himself, by declarations respecting the location of the dividing lines made to John D. Verner, from asserting any claim to the land sued for. As to this issue the testimony was directly conflicting, and we can not, of course, assume in whose favor the jury decided it. They may not have been able to agree as to what was the real truth of this issue, and may have put their verdict upon the theory .that, whatever may have been the truth as to this matter, the plaintiff was entitled to recover upon a prescriptive title acquired by David Mitchell under the deeds which the court held constituted good color of title. If so, the verdict was contrary to law and the evidence, and was the direct result of the error committed in admitting these deeds in evidence. We are therefore constrained to hold that the error was calculated to

operate to the prejudice of the defendant, because giving to the plaintiff the benefit of a theory of recovery upon which he had no right to a verdict.

3. When the deed from Malinda Verner to the plaintiff was offered in evidence, it was objected to on· the ground that it purported to have been executed in South Carolina before two witnesses neither of whom was an officer legally competent to attest a deed. This objection was met by proof of its execution, and the deed was properly admitted in evidence.

*Judgment reversed. All the Justices concur, except Candler, J., absent.*