## CLARK *v.* CAGLE.

1. Where a contract for the sale of land is in writing signed by both parties, is certain and fair, is for an adequate consideration, and capable of being performed, it is as much a matter of course for a court of equity to decree the specific performance of it as it is for a court of law to give damages for a breach of contract.

(*a*) Specific performance of such a contract may be compelled at the instance of the vendor as well as at that of the vendee.

(*b*) The fact that the purchaser agreed to pay a thousand dollars as part of the purchase-price, on a day named, and to give his note for the balance due in three years from that date, with interest at eight per cent., did not prevent the vendor, after that date had arrived and the purchaser had refused to comply with his contract, from obtaining a decree for specific performance upon compliance with his contract and doing equity on his part. The decree could be so molded as to meet the exigencies of the case.

(c) The vendor having alleged that the purchaser refused to receive possession or to carry out the trade, and that thereupon it became necessary for the vendor to retain possession, and having offered to account for the rents, issues, and profits, and to execute a bond for title, or a deed at the proper time, this could be adjusted by the decree.

2. Where a contract for the sale and purchase of a tract of land was dated at White Plains in this State, and described the property as the place of the vendor known as the "Humphrey Place," containing 330 acres, more or less, this description was not so vague and indefinite as to render the contract unenforceable. The description could be applied to its subject-matter by alleging and proving that the vendor had a described tract of land containing the number of acres mentioned, located near White Plains, in a named county, and known as the "Humphrey Place," and that this was the only place in that county known by that description.

3. The instrument executed by the parties was not a mere option, but was a contract with mutual obligations on the part of the vendor and purchaser.

4. It was error to dismiss the petition on general demurrer.

MAY 20, 1914.

Complaint. Before Judge Patterson. Pickens superior court. April 8, 1913.

P. R. G. Clark brought suit against F. M. Cagle. The allegations of the petition as amended were in substance as follows: On the 26th day of February, 1910, the plaintiff and the defendant entered into and signed the following written contract: "State of Georgia, Greene County. White Plains, Georgia, February 26th, 1910. Know all men by these presents, that P. R. G. Clark has this day sold to F. M. Cagle his place known as the 'Humphrey Place,' containing 330 acres more or less, for the sum of $10.00 per acre, and to further bind this agreement and sale F. M. Cagle has paid P. R. G. Clark in hand the sum of $50.00. The conditions of this agreement is [are] that F. M. Cagle shall pay to P. R. G. Clark $1,000.00, one thousand dollars, on Jan. 1st, 1911, as part payment, and the said P. R. G. Clark agrees to take F. M. Cagle's note for the balance, for a term of three years, bearing interest at the rate of 8 per cent. per annum from date, January 1st, 1911." On October 3, 1910, the defendant notified the plaintiff by letter that he would not comply with the contract. The letter was as follows: "Dear Mr. Clark:—It will be out of question for me to comply with the agreement made with reference to the sale of certain lands, and I take this method in advising you that I can not comply with the option you gave me on February 26th, 1910. This notice is given you that you may do the best you can with the

property, as I can not take it and pay the $1,000.00 on January 1st, 1911. This notice is given you at this time that you may sell the property to the best advantage." Upon the receipt of this letter the plaintiff demanded of the defendant that he comply with the contract; but the defendant failed and refused to do so. The plaintiff has always been ready and willing to comply with his part of the agreement, and has offered to put the defendant in possession upon his making the cash payment agreed upon and giving his note for the balance of the purchase-money. The plaintiff offered to account to the defendant for what money he had received by way of rents and profits, less the expenditures occasioned by the failure of the defendant to comply with his part of the contract. He prayed for specific performance.

The defendant demurred generally and specially to the petition. The judge sustained the general demurrer and dismissed the petition. The plaintiff excepted.

*Howard Tate* and *Lewis, Davison & Lewis,* for plaintiff.
*Roscoe Pickett* and *Charles H. Griffin,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.) A vendor filed his equitable petition against his vendee to enforce specific performance of an executory contract for the sale of land. The court dismissed the petition on general demurrer.

1. While it is declared that specific performance of a contract (if within the power of the defendant) will be decreed, generally, whenever the damages recoverable at law would not be adequate compensation for the non-performance (Civil Code (1910), § 4633), yet it has long been recognized that, where land is the subject-matter of the agreement, equity has jurisdiction to enforce specific performance, and that this does not depend upon the existence of special facts showing the inadequacy of a legal remedy in the particular case. Some authorities announce that this equitable rule is not dependent on the fertility of the land, or its containing minerals, or the like, but on the fact that it is land, a favored subject (as they assert) in every country inhabited by people of Anglo-Saxon origin, and that land is assumed to have a peculiar value, so as to give equity jurisdiction for specific performance, without reference to its special qualities. Some courts have advanced the theory that a court of equity decrees performance of a contract for land, not because of the real nature of the land. but

45

because damages at law, which must be calculated upon the general money value of the land, may not be a complete remedy to the purchaser, to whom the land may have a peculiar and special value. Whatever the basis of the rule may be, there is a general concurrence as to its existence. 36 Cyc. 552, and notes. The above statement refers more directly to a purchaser. But it will be shown presently that the right is generally mutual.

The rule above announced was recognized by this court as early as the decision of *Chance* v. *Beall,* 20 *Ga.* 142. In that case it was held that where a contract for the sale of land is in writing, is certain and fair in all its parts, is for an adequate consideration, and capable of being performed, it is just as much a matter of course for a court of equity to decree the specific performance of it as it is for a court of law to give damages for a breach of contract in other cases. This ruling has since been followed. *Forsyth* v. *McCauley,* 48 *Ga.* 402; *Jackens* v. *Nicolson,* 70 *Ga.* 198; *Belle Greene Mining Co.* v. *Tuggle,* 65 *Ga.* 652; *Crovatt* v. *Baker,* 130 *Ga.* 507 (3a), 512 (61 S. E. 127). Generally the right to specific performance is mutual; and when one party can compel performance, if he so desires, so likewise can the other. *Blalock* v. *Waggoner,* 82 *Ga.* 122, 128 (8 S. E. 48). In several of the cases cited above, the proceeding was instituted by the vendor. The right to such relief on the part of the vendor is recognized in the Civil Code (1910), § 4638, where it is declared that "The vendor seeking specific performance must show an ability to comply substantially with his contract in every part, and as to all the property."

Under the general equity practice, the decree may compel the execution and delivery of deeds or other instruments. 20 Enc. Pl. & Pr. 480, and note 2; Granville v. Betts, L. J. (N. S.) Ch. 18, 32 (a deed directed to be executed); Sterling v. Klepsattle, 24 Ind. 94, 87 Am. D. 319 (the execution of a bond for title compelled); Ogden v. Ogden, 4 Ohio St. 182 (the execution of a mortgage); Avery v. Langford, 1 Kay, 663 (an agreement to give a damage bond as part of a sale of land).

A recent case directly in point is that of Farm and Land Company of Abbeville v. Roseman, 93 S. C. 350 (76 S. E. 979), where it was held that a contract binding the vendor to convey a fee-simple title to the purchaser, and binding the purchaser to pay a specific price in cash and execute a note and mortgage on land for

the balance, was mutual, and the vendor, offering to perform, could compel the purchaser to perform.

Under our statute, a decree for specific performance, requiring the execution of a conveyance to be made, operates to transfer title without the actual execution of a conveyance; and thus the necessity of enforcing the decree requiring the signing of the deed is obviated. Civil Code (1910), § 5425. But this provision does not destroy the general power of a court of equity to decree specific performance in favor of a vendor, upon a proper case being made. Here the parties were not in a situation where an immediate conveyance would be required, so as to make the section above cited applicable. The circumstances rather invoke the provision of the next section (§ 5426), which declares that a superior court has full power to mold its decrees so as to meet the exigencies of each case; and has full power to enforce its decrees when rendered. Doubtless the payment of money past due by contract would not be enforced by process of attachment, but the decree could be so molded as to do complete justice, making proper provision as to the amount due, and requiring the defendant to execute the note for the amount not due.

2. The petition was not demurrable on the ground that the contract was not enforceable because the description of the property contained in it was too vague and indefinite to form the basis of a suit. The property was described as the place of the vendor, known as the "Humphrey Place," containing 330 acres more or less. It was alleged that the vendor owned a place in Hancock county about two miles from White Plains, containing 330 acres, and known as the Humphrey Place; that this was the only place in that county known by that designation; and the names of the owners of land bounding the property were given. While the description in the contract was rather meager, it was capable of being applied to its subject-matter by parol; and when taken in connection with the allegations of the petition, it was not subject to demurrer. *Crawford* v. *Verner,* 122 *Ga.* 814, 816 (50 S. E. 958); *Harriss* v. *Howard,* 126 *Ga.* 325, 330 (55 S. E. 59); *Hancock* v. *King,* 133 *Ga.* 734 (66 S. E. 949); *Lyle* v. *Phillips,* ante, 618 (81 S. E. 867).

3. The contract was not an option, as the defendant called it in his refusal to carry it out. It was a contract with mutual obligations on the part of the vendor and purchaser.

4. It was alleged, that, before the day fixed for making the payment and executing the note, the defendant notified the plaintiff of his refusal to carry out the contract; that the plaintiff insisted upon its performance, and offered to put the defendant in possession on January 1, 1911, upon the payment of the installment of one thousand dollars of the purchase-price and the execution of a note for the balance; but that the defendant refused to comply. Moreover the petition, brought after the date named, alleged that, after the defendant's refusal to receive possession, the plaintiff was compelled to retain possession, and accordingly rented the property for the benefit of the defendant; and he offered to account for the rents and profits which he had received, after deducting necessary expenditures. 36 Cyc. 755; 39 Cyc. 1629, 1637.

Upon the trial the rights of the parties respectively can be determined, an accounting can be had, and a decree can be shaped for the specific performance of the written contract according to its provisions.

It was error to dismiss the petition on general demurrer.

*Judgment reversed. All the Justices concur.*