## SWINT *et al. v.* SWINT.

GEORGE, J. 1. In an action for land, a deed conveying the land in controversy to the defendant, executed and delivered to him since the institution of the suit, is admissible in evidence over the objection that such deed is irrelevant and immaterial (*Cook* v. *Georgia Land Co.*, 120 *Ga.* 1068 (2), 48 S. E. 378), especially when considered in connection with the testimony of the defendant to the effect that he purchased the land and went into actual possession thereof long prior to the institution of the suit, and caused the vendor to convey the legal title to his immediate grantor merely for the purpose of securing the purchase-money advanced by the latter.

2. One essential of a deed to land is that the description of the premises thereby conveyed must be sufficiently definite and certain to afford means of identification. A deed to land will not be declared void for uncertainty of description, if the description is certain, or if it furnish the key to the identification of the land intended to be conveyed by the grantor. *Crawford* v. *Verner*, 122 *Ga.* 814 (50 S. E. 958). The doctrine, id certum est quod certum reddi potest, here applies. *Leverett* v. *Bullard*, 121 *Ga.* 534 (3) (49 S. E. 591).

3. Accordingly, a deed which described the land conveyed as "that portion of land lying and being in Glascock county, Georgia, on the waters of Joes Creek, containing twenty-five (25) acres, more or less, it being part of division No. 3 in the division of the lands of Barksdale Swint, deceased, and by division and allotment the same was allotted to John. C. Swint, and on the 24th day of November, 1875, was sold and conveyed by said John Swint to said John H. Kitchens [grantor], and the part herein and hereby conveyed being the lands of said division lying on the south side of branch running through said division," was properly admitted in evidence over the objection "that the description of the land contained in said deed was so indefinite and uncertain that the land could not be identified therefrom, and therefore the deed was immaterial and irrelevant to the case."

4. The petition in the instant case described the land sued for as follows: "All that tract or lot of land lying and being in said county [Glascock] in Gibson district, No. 1167, containing 45 acres, more or less, and bounded on the north by lands of E. B. Swint, east by lands of your petitioners, south by lands of E. B. Swint, and west by lands of E. B. Swint," and by way of further identification referred to it as a part of division No. 3 of the estate of Barksdale Swint, deceased, apportioned to John C. Swint, deceased. Parol evidence was admissible to identify the land conveyed to the defendant by the deed referred to in the last preceding note, and to show that the land mentioned in the deed was the same as that described in the petition. The evidence upon this issue was directly conflicting. Mrs. W. N. Swint, one of the plaintiffs, testified as follows: "I know where this branch is in lot No. 3. The piece of land sued for is not south of this branch. It is on the

other side of my house." The court therefore erred in directing a verdict for the defendant.

*Judgment reversed. All the Justices concur.*

No. 320. DECEMBER 14, 1917.

Complaint for land. Before Judge Walker. Glascock superior court. April 13, 1917.

*L. D. McGregor,* for plaintiffs. *M. L. Felts,* for defendant.