## BARNES v. COWAN.

ATKINSON, J. 1. Specific performance of a contract for the sale of land will not be decreed unless the land which is the subject-matter of the alleged sale is clearly identified in the contract. *Estes* v. *Winn*, 136 *Ga.* 344 (71 S. E. 470), and citations. A description in the paper will be sufficient if by the aid of extrinsic evidence it can be definitely applied to particular land. *Clark* v. *Cagle*, 141 *Ga.* 703 (82 S. E. 21, L. R. A. 1915A, 317); Elliott on Contracts, § 2291; *Douglass* v. *Bunn*, 110 *Ga.* 159 (35 S. E. 339). As a corollary to this rule, a description of land will not be sufficient if the paper does not definitely describe the land or express data by which the land might be definitely located by the aid of extrinsic evidence.

2. A bond for title bound the obligor, on payment of described purchase-money notes, to convey a definitely described body of land of irregular shape to the obligee or his assigns. It also contained a provision: "Seller of above-described property agrees to give a deed to any number of acres on the payment of full pro rata part still due on said acres, except frontage on Peachtree Road, which shall be 15 per cent. more per acre than the price being paid per acre for the whole tract." *Held*, that the stipulation "to give a deed to any number of acres" refers to the quantity of land for which the purchaser might demand a deed upon complying with the conditions as to payment, but does not describe any particular fraction of the land to which a deed should be made, or give any data from which any particular land might be located by the aid of extrinsic evidence.

   (*a*) The writing does not purport to authorize the purchaser to designate particular portions of the land and demand deeds therefor upon complying with conditions as to payment, and no question is presented as to the effect of such a provision, if it had been made. *Ga. So. & Fla. Ry. Co.* v. *Taylor*, 142 *Ga.* 350 (82 S. E. 1058). The case differs from *Martin* v. *Seaboard Air-Line Ry.*, 139 *Ga.* 807 (77 S. E. 1060), and cases there cited.

   (*b*) It follows, under application of the principle of law pronounced in the first headnote, that the special provision quoted above from the bond for title is too indefinite for enforcement by specific performance.

3. There was no error in refusing an interlocutory injunction in a suit by a transferee of the bond for title, to enjoin a suit instituted by the payee of the purchase-money notes, seeking to set up a special lien on the entire tract, and to compel the obligor to convey to the transferee designated portions of the entire tract, which the transferee had caused to be surveyed, and to which a deed was demanded on the basis of applying, as full consideration for the land designated in the survey, all of a portion of the purchase-money which had been paid to the vendor.                    *Judgment affirmed. All the Justices concur.*

No. 255.  DECEMBER 15, 1917.

Petition for injunction. Before Judge Smith. DeKalb superior court. March 3, 1917.

*Mayson & Johnson*, for plaintiff.

*Atkinson & Born* and *Owens Johnson*, for defendant.