### Boyd *et al. v.* Sanders, executrix.

Atkinson, J. The third item of the will of Phil. M. Byrd devised to his wife Mary, for life, all of his "estate both real and personal or mixed." The ninth item provided: "I give and bequeath to my beloved niece Emiline M. Chapman, for her sole and separate use for and during her natural life, all the estate, both real and personal or mixed', conveyed by the third item of this will to my wife Mary, after her estate therein is over. The estate in this item contained, at the death of my said niece Emiline M. Chapman, shall pass to and become the property in equal shares of the children or representatives of children, including Joseph L. Chapman, the husband · of the said Emiline M. Chapman." The testator died seized and possessed, among other properties, of a city lot in· Gainesville, Hall County, Georgia, and lots of land' 26, 27, 28, 29, 30, 40, 47, and 14 in the 12th district of Hall County, Georgia. When the will was probated Emiline M. Chapman had a daughter, Fannie Suddeth. On the assumption that she had a vested interest in these lands under the will, Fannie Suddeth executed to Quillian a bond for title, and afterward' died, Emiline M. Chapman being still in life. After the death of Fannie, her husband and children as heirs at law received the agreed consideration specified in the bond for title, and executed a deed which, after reciting the bond for title and payment of the consideration to them, described the land as follows: "All the lands in Hall County, Georgia, of which Phil. M. Byrd, late of Hall County, deceased, died seized and possessed, being all the interest to which said Mrs. Fannie M. Suddeth had or may be entitled under the will of said Byrd, or· which said Fannie M. Suddeth had or may be otherwise entitled in and to said land, whether more or less than one seventh, or which we as heirs at law as aforesaid have or may be otherwise entitled in and to said lands, whether more or less than one seventh, including lots of land Nos. 26, 27, 28, 29, 30, 40, 47, and 14 in the 12th district of Hall County, Georgia, subject to the life interest of Emiline M. Chapman." The deed concluded' as follows: "To have and to hold the said bargained premises . . forever in fee simple. And the said parties of the first part, their heirs, executors, and administrators will warrant and forever defend the right and title of the above-described property unto the said' party of the second part, his heirs and assigns, against the claims of all persons whomsoever." *Held:*

1. A deed to land is not void for uncertainty of description, if it furnishes the key to the identification of the land intended to be conveyed by the grantor. *Crawford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958) ; *Swint* v. *Swint,* 147 *Ga.* 467 (2) (94 S. E. 571). Under this rule, when considered' in connection with the will and extrinsic evidence identifying the land of which the testator died seized and possessed, the deed is not void for uncertainty of description. *Yopp* v. *A. C. L. R. Co.,* 148 *Ga.* 539 (97 S. E. 534) ; *Hayes* v. *Dickson,* 148 *Ga.* 700 (98 S. E. 345).

(*a*) Properly construed, the deed conveyed all of the interest of the grantors in the land acquired und'er the will of the testator, including the lot in Gainesville.

(b) The requisites as to matters of description in a deed are the same whether based upon a valuable or a good consideration. Civil Code, § 4179.

2. The assignments of error relating to admissibility of evidence, so far as sufficient to present any question for consideration, are without merit.

3. The evidence was sufficient to authorize the jury to find for the defendant upon the issue of fraud, accident, and mistake in the execution of the deed. The remaining assignments of error do not relate to the controlling questions in the case, and do not show cause for a reversal.

*Judgment affirmed. All the Justices concur.*

No. 807. FEBRUARY 24, 1919.

Equitable petition. Before Judge Jones. Hall superior court. January 18, 1918.

*W. B. Sloan, C. R. Faulkner, T. J. Shackelford,* and *John J. & Roy M. Strickland,* for plaintiffs.

*H. H. Dean* and *W. A. Charters,* for defendant.