### DEAN *v.* TURNER

1. The description of land in a contract for its sale, *held* not so vague and indefinite as to render the contract unenforceable by action for specific performance, where such description could be applied to the subject-matter by the aid of extrinsic evidence supporting the further identification of the land stated in the petition.

2. A judgment striking parts of the defendant's answer to a petition is matter for exception pendente lite; not for inclusion as an added

assignment of error in a bill of exceptions to the overruling of a general demurrer to the petition.

No. 2062. JANUARY 14, 1921.

Action for specific performance. Before Judge Thomas. Colquitt superior court. April 15, 1920.

*Shipp & Kline,* for plaintiff in error.

*Dowling & Askew,* contra.

FISH, C. J. Turner brought an action against Dean, for specific performance of a contract for the sale of land. So much of the contract as needs to be here considered is as follows: " Georgia, Colquitt County. Received of R. C. Turner the sum of $250, in part payment for the following described real estate, to wit: Two city lots known as lots Nos. 24 and 25 in Block 2 in Southern Terrace, same being in the corner of Main Street, S. and Twelfth Avenue; said lots being 106-½ by 185-½ feet." This contract was dated January 12, 1920. The petition alleged: " That on January 12th last the defendant was the owner of the following described real estate, to wit: Lots Nos. 24 and 25 in Block Two (2) in ' Southern Terrace,' a plat of which is recorded in the Deed Records of Colquitt County, Georgia, in Book ' LL,' page 603, said land being part of original land lot No. 308 in- the 8th land district of said county and State, said lots being in one body, Lot No. 24 fronting Main Street South, 56.5 feet, and lot No. 25 fronting 50 feet on said street." The defendant demurred to the petition, and filed an answer. The ground of demurrer relied on was insufficiency of the description of the land in the contract. It was overruled. Portions of the answer were stricken on motion of the plaintiff. The defendant excepted, assigning error on both rulings.

1. The overruling of the demurrer to the petition was not error. A description of the land in a. conveyance or contract for its sale is sufficient if by the aid of extrinsic evidence it can be applied to the particular land. *Barnes* v. *Cowan,* 147 *Ga.* 478 (94 S. E. 564); *Boyd* v. *Sanders,* 148 *Ga.* 839 (98 S. E. 490). The description of the land was not so vague and indefinite as to render the contract unenforceable. Such description could be applied to the subject-matter by the aid of extrinsic evidence supporting the further identification of the land as set-out in the petition.

2. Error could not properly be assigned in this bill of exceptions on the ruling striking parts of the defendant's answer. *Armor* v. *Stubbs,* 150 *Ga.* 520 (104 S. E. 500).

*Judgment affirmed. All the Justices concur.*