## Lewis *v.* Trimble.

Atkinson, J.  1.  "Where a contract for the sale of land is in writing signed by both parties, is certain and fair, is for an adequate consideration, and capable of being performed, it is as much a matter of course for a court of equity to decree the specific performance of it as it is for a court of law to give damages for a breach of contract. Specific performance of such a contract may be compelled at the instance of the vendor as well as at that of the vendee." *Clark* v. *Cagle,* 141 *Ga.* 703 (82 S. E. 21, L. R. A. 1915A, 317.)

2. The description of land in a contract of sale is sufficiently definite where the premises are so described as to indicate the grantor's intention to sell a particular lot of land, and is capable of practical application to the land intended to be conveyed by introduction of extrinsic evidence. *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960); *Dean* v. *Turner,* 151 *Ga.* 44 (105 S. E. 602).

3. The principle stated in the preceding note is applicable in a suit for specific performance of a contract for exchange of lands; and where the description of the plaintiff's land is such as to require extrinsic evidence to apply it to the land intended to be conveyed by him, and the description of the land of the defendant is sufficient without the aid of such extrinsic evidence, it is necessary for the plaintiff to allege and prove such extrinsic matter as will definitely apply the description of his property, as stated in the contract, to the land intended to be conveyed by him. *McIntosh* v. *Roane,* 148 *Ga.* 273 (96 S. E. 387). Without such allegations and proof the plaintiff would not carry the burden of showing the whole contract to be certain and fair.

4. In a suit instituted by H. H. Trimble against B. M. Lewis, for specific performance, the contract (omitting the caption and signatures of the parties and witnesses) was: "This agreement entered into between B. M. Lewis of the first part, and H. H. Trimble of the second part. First party agrees to trade a tract of land, being south half of lot

7

no. 156 in the 8th land district Colquitt County, Georgia, with all improvements on this place, for two (2) brick store buildings (being four storerooms), one hotel building, (2) two dwellings, one negro house, ten vacant lots, this being all the property now owned by party of the second part in Ellenton, Ga., and fifty-five hundred dollars ($5500.00). Party of the first agrees to give possession the first of January, 1919. Party of the second part agrees to give possession of one dwelling and sheet-iron shop on vacant lot by December 1st, 1918, and to give possession of all the other property by the first day of January, 1919. The fifty-five hundred dollars is to be paid as soon as loan can be obtained on property (farm) of the second part." The land which H. H. Trimble was to convey was described in the petition only as set forth in the contract. On the trial there was no extrinsic evidence tending to apply the description of the plaintiff's land, as expressed in the contract, to the land intended to be conveyed by him. *Held:*

(*a*) The description of the land of H. H. Trimble, set forth in the contract, was of such character as that it could be applied by extrinsic evidence to the subject-matter contemplated by the parties, and consequently was sufficient to support a valid contract.

(*b*) However, as there was no allegation or extrinsic evidence in support thereof, tending to apply the description expressed in the contract to the land intended to be conveyed by H. H. Trimble, the verdict for the plaintiff was unauthorized, and it was error to refuse a new trial. *Judgment reversed. All the Justices concur.*

No. 2063. FEBRUARY 16, 1921.

Equitable petition. Before Judge Thomas. Colquitt superior court. April 15, 1920.

*W. A. Covington, Dowling & Askew,* and *R. J. Lewis,* for plaintiff in error. *Shipp & Kline,* contra.