### PETRETES *v.* ATLANTA LOAN & TRUST CO. *et al.*

1. A description of the land in a conveyance or contract for its sale is sufficient if by the aid of extrinsic evidence it can be applied to the particular land. The description of a city lot as being "that certain tract or parcel of land belonging to the Atlanta Loan & Trust Company, located on the northeast corner of Auburn Avenue and Bell Street in the City of Atlanta, Fulton County, Georgia," can be applied to the subject-matter by the aid of extrinsic evidence supporting the further identification of the land set out in the petition, and is not so vague and indefinite as to render the contract unenforceable.

Agency 2 C. J. pp. 812, n. 92; 907, n. 98.
Certum, etc. 11 C. J. p. 223, n. 1.
Deeds 18 C. J. p. 180, n. 91.
Evidence 22 C. J. pp. 1098, n. 96; 1263, n. 18; 1270, n. 67.
Vendor and Purchaser 39 Cyc. pp. 1224, n. 44; 1225, n. 45.

2. The allegations of the petition were insufficient to impose liability upon the alleged agent of the owner of the property, whose contract of sale it was sought to have specifically performed, with an alternative verdict for damages in the event that specific performance could not be had. In the absence of an agreement to that effect, an agent acting in good faith is not liable for the act of his principal.

No. 4723. January 13, 1926.

Equitable petition. Before Judge Ellis. Fulton superior court. October 28, 1924.

Charlie Petretes filed suit against the Atlanta Loan & Trust Company and W. C. Redding, alleging that petitioner entered into a contract with the defendant company, acting by and through its agent, Redding, under which the company agreed to sell petitioner, and did sell to him, the following described property: "That certain tract or parcel of land belonging to the Atlanta Loan & Trust Company, located on the northeast corner of Auburn Avenue and Bell Street in the City of Atlanta, Fulton County, Georgia." Petitioner further alleges that the defendant is the owner of only two pieces of real estate in the City of Atlanta, one being that above described, and the other being located on the southwest corner of Auburn Avenue and Bell Street, in said City of Atlanta. A copy of said contract of purchase and sale is as follows: "Atlanta, Ga., April 6, 1923. Received of Charlie Petretes twenty-five dollars to close trade on corner of Auburn Avenue and Bell Street, N. E. corner. Four hundred and seventy-five dollars to be paid on delivery of papers for examination. Purchase-price ten thousand dollars ($10,000). Balance to be paid on approval of title, or return said money, $9,500. Property owned by Atlanta Loan & Trust Company. [Signed] W. C. Redding, Agent." The petition alleges the failure and refusal of the defendant company to perform its contract, and prays (a) that the company be required to deliver to petitioner the property herein described, upon his payment of the balance of the purchase-price stipulated in said contract; (b) that in lieu of such delivery petitioner have judgment against the company for $5000; (c) that in lieu of such judgment against the company the petitioner have judgment against Redding for $5000; (d) for general relief; and (e) for process. Each of the defendants filed general and special demurrers. The general demurrers were sustained, and the petition was dismissed as to both defendants. The plaintiff excepted.

*John S. Highsmith, Hewlett & Dennis,* and *Roy S. Jones,* for plaintiff.

*Dorsey, Shelton & Dorsey* and *F. A. Quillian,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.)

1. The action is a joint one against the Atlanta Loan & Trust Company and W. C. Redding. The defendants demurred separately. The bank in its demurrer set up that Redding was not its agent; that it was not bound by any contract that may have been entered into by him. Redding alleged that he could not be sued individually, because he was the alleged agent of the bank. To this extent the claims of the defendants were conflicting. Both, however, joined in the contention that the description of the land in question was insufficient to effect any conveyance of the land, and insufficient to comply with the statute of frauds. Therefore we shall first determine whether the description as contained in the statement of facts is sufficient to so describe the land as that it is capable of identification and conveyance. It is well settled that an insufficient description is void to effect a transfer of any interest in real estate. It seems to be equally well settled that parol evidence, though incompetent and inadmissible to add to, vary, or alter the terms of a written contract, may be used to make certain that which is uncertain, if it be perfectly plain from the description in a contract of sale of land what property the grantor intends to convey. It is true, as argued by the defendants in error, that the description of the land, as contained in the contract in this case, might include only one foot square of land at the northeast corner of Bell Street and Auburn Avenue; and yet we are of the opinion that the contract bespeaks an intention to sell all of the lot owned by the Atlanta Loan & Trust Company at the northeast corner of Bell Street and Auburn Avenue (thus fronting on both these streets) for whatever length this lot of the Atlanta Loan & Trust Company may extend along both these streets, and that extrinsic evidence is competent and admissible for the purpose of determining the exact boundaries of the lot. We think the case is controlled by the ruling in *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960). We are of the opinion that when the statement is made that the lot is at the northeast corner of the streets that have been named and that the property is owned by the Atlanta Loan & Trust Company, and there is nothing to sug-

gest that there is any other property at the northeast corner of the designated streets, it must be admitted that a lot, and all of that lot, at that corner belongs to the Atlanta Loan & Trust Company, and that therefore there would be nothing necessary to identify the transaction except to ascertain from other evidence the dimensions of the lot at the corner of Auburn Avenue and Bell Street which is owned by the Atlanta Loan & Trust Company. This being true, we think that the learned trial judge erred in dismissing the petition as to both of the defendants.

That certain tract or parcel of land belonging to the Atlanta Loan & Trust Company, located on the northeast corner of Auburn Avenue and Bell Street in the City of Atlanta, Fulton County, Georgia, certainly excludes any idea that the Atlanta Loan & Trust Company owned more than one lot contemplated to be sold; because in the nature of things there can only be one lot on the northeast corner of Auburn Avenue and Bell Street that could be the property of any one. There can be but one northeast corner of any city block in any city. The language used can only be held to imply that the Atlanta Loan & Trust Company owns the lot on the northeast corner, and that it is selling the whole of that lot; for there is no reference to any undivided interest nor any reference to any interest that is indefinite, the language being, "that certain tract of land belonging to Atlanta Loan & Trust Company, located on the northeast corner of Auburn Avenue and Bell Street." For this reason the rulings in *Pickens* v. *Phillips*, 123 *Ga.* 415 (51 S. E. 410), and *Nettles* v. *Charles P. Glover Realty Co.*, 141 *Ga.* 126 (80 S. E. 630), are not in point. In the *Phillips* case there was no description of the land as to city or county. It was in the wide, wide world. In the *Nettles* case it nowhere appeared who owned the northwest corner of Boulevard and Randolph Street, nor did it appear that this was the only piece of property owned by the seller at this location. In the case at bar it appears that the Atlanta Loan & Trust Company was the owner of only one piece of land at this location. This puts the present case without the *Nettles* case and places it squarely under the ruling in *King* v. *Brice*, supra, where the description of the land in a contract for its sale was held not to be so vague and indefinite as to render the contract unenforceable by an action for specific performance, when such description can be applied to the

subject-matter by the aid of extrinsic evidence supporting the further identification of the land stated in the petition. *Dean* v. *Turner,* 151 *Ga.* 44 (105 S. E. 602). Where a contract for the sale or exchange of real estate was dated Atlanta, Georgia, June 7, 1912, and described the property to be conveyed as "No. 401 Spring and known as the Cob home, 50 x 160 more or less," it was held that "such description was not so vague and indefinite as to render a petition for specific performance by the purchaser subject to general demurrer." Prima facie, the property mentioned in the contract would be treated as in Atlanta, Georgia, in the absence of anything appearing to the contrary. While the description was carelessly made, it could be applied to a subject-matter by proper allegation and proof. In *Tolbert* v. *Short,* 150 *Ga.* 416 (104 S. E. 245), a demurrer was filed upon the ground that the contract did not describe the land sufficiently or show on its face what county or State the land was situated in, and that there was no sufficient description of the land contained in the contract so that it could be located or designated, the only descriptive words being, "all that tract or parcel of land containing seventy-three acres, more or less, known as the Hartly place, adjoining lands of Mrs. Lipscomb, W. L. Ragan, and others;" and the demurrer was overruled. This court sustained the decision of the lower court in overruling this demurrer. In the *Tolbert* case, also, exceptions were taken to the charge of the court in which the jury were instructed, "where the contract in question describes the land as a tract of land containing seventy-three acres, more or less, known as the Hartly place, adjoining lands of Mrs. Lipscomb, W. L. Ragan, and others, that those words are ambiguous and do not of themselves distinctly identify the land that was the subject of the sale, and the law allows parol evidence to be admitted to the jury for the jury to determine whether with the aid of parol evidence they may be able to ascertain what was the particular and certain tract of land that was the subject-matter of the contract." Upon the exception to this charge we held that the evidence showed that there were two tracts of land, each containing seventy-three acres, to which the description in the contract would be equally applicable, and therefore the contract contained a latent ambiguity.

"While evidence is inadmissible to add to, take from, or vary a written contract, all the attendant circumstances may be proved;

and if there is an ambiguity, latent or patent, it may be explained. Civil Code (1910), § 4268. 'Where the description applies equally to several tracts, a latent ambiguity results, which may be explained by showing which one of the several tracts was claimed by the grantor.' 2 Devlin on Real Estate (3d ed.), 2026, § 1043; 25 R. C. L. § 283, middle section p. 652, and citations under note 14; Clark v. Powers, 45 Ill. 283. Therefore the charge complained of contains no error which requires a reversal." In the same case exception was taken to the following charge delivered by the presiding judge, formerly Mr. Justice Cobb of this court: "Is there a place that was owned by the defendant on the day that the contract was entered into, known as the Hartly place, and a place which adjoined the lands of Mrs. Lipscomb, W. L. Ragan, and others? If you find from the evidence that there is such a place, then you would be authorized to find a verdict that the parties intended that place to be the subject of this contract; provided that if you find from the evidence also that there were two Hartly places, and that both of the Hartly places contained seventy-three acres, more or less, and both of them adjoined the lands of Mrs. Lipscomb and W. L. Ragan, then you would enquire further as to whether the defendant was the owner of both of these places on the day that the sale was made. If he was the owner of both of them, then it is impossible to be determined which one of the places was the subject of the sale, if they contained substantially the same number of acres, both known by the same name and both adjoined the same landowners. And if they both belonged to the defendant, then there could be no decree in this case and the contract would be void for uncertainty. But if you find from the evidence there were two Hartly places, that is, two places known as the Hartly place, and that each of them contained substantially 73 acres and that each of them adjoined the lands of Lipscomb, Ragan, and others, but that the defendant owned one on the day the contract was made and did not own the other, then you would be authorized to find that the defendant and the plaintiff were contracting about property which the defendant owned, and not about property which he did not own," over an exception that the language used by the court added to the contract a term it did not contain; but this court held that the exception was without merit.

The petition in the instant case was not demurrable upon the

ground that the description was too indefinite, because the petitioner had a right to show, if he could, that the Atlanta Loan & Trust Company owned only one lot on the northeast corner of Auburn Avenue and Bell Street at the time that the contract was entered into; and if that fact were established, the plaintiff would have established that this was the lot intended to be sold, and no other lot, if there was an intention to sell any lot belonging to the Atlanta Loan & Trust Company. In the *Tolbert* case, supra, this court overruled the objection based upon the ground of indefiniteness of description, although it appeared from the evidence that there were in fact two Hartly places, upon the ground that only one of these places contained seventy-three acres, stating that therefore extrinsic evidence was admissible to show which one of the places was owned by the defendant.

In dismissing the petition the trial court also sustained demurrers based upon the ground that the contract was one relating to an interest in land, and that the written agreement which was set out as the basis of the petition was not sufficient to satisfy the statute of frauds; and it was urged that the description of the property was so vague and indefinite as to render the contract unenforceable. The same contentions were made in the case of *Pearson* v. *Horne,* 139 *Ga.* 453 (77 S. E. 387). In that case the description was, "my half interest in the property corner of Second and Cherry Streets, Macon, Georgia;" and we held that while these words furnished a poor description of the property which formed the subject-matter of the contract, it was not on its face so vague and indefinite as to be incapable of being applied, by the aid of extrinsic evidence, to the property at that location in which the signer of the agreement had a half interest. Certainly, if the rule applies where the owner only purports to own a half interest, it would apply with equal, if not double force where the owner has the entire interest. As said by Mr. Justice Lumpkin, delivering the opinion of the court, in the *Pearson* case, "If the description in the contract itself were so indefinite as to be incapable of application, the allegation in the petition that the property was known by a certain name would not save the contract, but the contract itself is not on its face void for indefiniteness of description." In support of this proposition *Horton* v. *Murden,* 117 *Ga.* 72 (43 S. E. 786), *Harriss* v. *Howard,* 126 *Ga.* 325 (3), 330 (55

S. E. 59), 2 Devlin on Real Estate (3d ed.), §§ 1010, 1012, Holley
v. Curry, 58 W. Va. 70 (51 S. E. 135, 112 Am. St. R. 944), and
Lick v. O'Donnell, 3 Cal. 59 (58 Am. D. 383), were cited. In the
leading case of *King* v. *Brice,* in which the decision of this court
was rendered by Mr. Presiding Justice Evans, it was said: "No
principle of the law of real estate is more generally admitted and
followed than the one which declares that a description of land is
sufficiently definite where the premises are so described as to indi-
cate the grantor's intention to convey a particular tract or lot of
land. It is not necessary that the deed should specify the precise
boundaries; and where it can be gathered from the whole instru-
ment that the intention of the grantor was to convey a particular
tract or lot of land, extrinsic evidence is receivable to show the
boundaries." As was said in *Crawford* v. *Verner,* 122 *Ga.* 814,
816 (50 S. E. 958), "The test as to the sufficiency of the de-
scription of the property contained in a deed is whether or not
it discloses with sufficient certainty what the intention of the
grantor was with respect to the quantity and location of the land
therein referred to, so that its identification is practicable." The
maxim certum est quod certum reddi potest sets forth a rule of
logic as well as of law, in the construction of written instruments.
If the deed indicates that a particular tract is intended to be con-
veyed, its practical identification can be proved by extrinsic evi-
dence, under the authority of this maxim. The maxim, however,
has no application to vague descriptions which do not indicate the
grantor's purpose and intention to convey a particular tract or
lot of land. A description in a will of all my land is good, for
the reason that its location may be definitely ascertained by aliunde
proof of the location of the testator's land. *Harriss* v. *Howard,*
supra. We think the statement in the present case that the tract
sold, which belongs to the Atlanta Loan & Trust Company, is lo-
cated on the northeast corner of Auburn Avenue and Bell Street,
furnishes a key, at least, by which the identity of the property and
its exact location may be supplied by extrinsic proof. In *Dean* v.
*Turner,* 151 *Ga.* 44 (105 S. E. 602), Turner brought an action
for specific performance of a contract for the sale of land, against
Dean. The description of the land was as follows: "Two city lots
known as lots Nos. 24 and 25 in block 2 in Southern Terrace, same
being in the corner of Main Street, S. and Twelfth Avenue; said

lots being 106 1-2 by 185 1-2 feet." The petitioner alleged additional facts providing further identification of the land stated in the petition, giving exact measurements of the different boundaries of the two lots. The ground of demurrer relied on was the insufficiency of the description of the land in the contract. This was overruled. The defendant excepted and assigned error. It will be noted that the only definite statement tending to identify these lots is that they are both in the corner of Main Street, S. and Twelfth Avenue; and it is not a fuller description than that contained in the instant case, where it is said that there is only one lot and it is at the northeast corner of Auburn Avenue and Bell Street. In delivering the opinion of the court in the *Dean* case, Mr. Chief Justice Fish said: "The overruling of the demurrer to the petition was not error. A description of the land in a conveyance or contract for its sale is sufficient if by the aid of extrinsic evidence it can be applied to the particular land. *Barnes* v. *Cowan,* 147 *Ga.* 478 (94 S. E. 564); *Boyd* v. *Sanders,* 148 *Ga.* 839 (98 S. E. 490). The description of the land was not so vague and indefinite as to render the contract unenforceable. Such a description could be applied to the subject-matter by the aid of extrinsic evidence supporting the further identification of the land as set out in the petition." So we are of the opinion that the court erred in sustaining the demurrer which was filed in behalf of the defendant Atlanta Loan & Trust Company.

2. The petition alleged that W. C. Redding was the agent of the Atlanta Loan & Trust Company for the sale of the lot in question and in making the contract which appears in the record. There is no allegation that he was not the agent of the Atlanta Loan & Trust Company or that he committed a fraud by falsely holding himself out as such agent, or any other allegation which in our opinion would subject him to individual liability. There is no allegation of wrong-doing on the part of Redding, by reason of which he would be personally bound or responsible in damages. In paragraph fifteen of the petition it is alleged that the corporation has breached its contract and has damaged petitioner, but there is no allegation that Redding has breached any contract and thereby damaged the petitioner. The judgment of the lower court sustaining the demurrer of the defendant W. C. Redding and dismissing him from the case is therefore affirmed.

*Judgment in part reversed, and in part affirmed. All the Justices concur.*