**CLARK et al. v. WHITE.**
**WHITE v. CLARK et al.**

No. 13207.

United States Court of Appeals
Fifth Circuit.

Dec. 6, 1950.

A. R. Kenyon, E. D. Kenyon, Gainesville, Ga., for appellants and cross-appellees.

G. Fred Kelley, Gainesville, Ga., for appellee and cross-appellant.

Before HUTCHESON, Chief Judge, and HOLMES and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

In a suit to condemn land in Georgia for a National Forest brought by the United States in the district court naming numerous persons as having and claiming interests therein, a judgment of condemnation was entered on May 9, 1949 vesting fee simple title in the United States on payment into court of $8,924.40 as just compensation and transferring all liens and claims from the land to the fund deposited. On June 15, 1949 the money was so paid. The only controversy arising is over the distribution of the fund, the major part of which is claimed by Mrs. Mae Woody White by virtue of a deed to her from Hood Clark made January 23, 1942, purporting to convey the land condemned and other land. Some fifty-odd persons claim as heirs at law of Hood Clark, who died November 14, 1942, intestate, and of his brother, Chris Clark, who predeceased him. These claimants by answer filed January 21, 1949, assert that the deed of Hood Clark to Mrs. Mae Woody White is void for want of mental capacity to make it, and because of fraud in its procurement by W. A. Woody, who was the father of Mrs. White, the grantee, for a grossly inadequate consideration, Woody being the friend and adviser of, and in a confidential relationship with, Hood Clark, who was then an aged man and incapable of attending to business, and dying a few months later. These claimants prayed "that the deed from Hood Clark to Mae Woody White * * * be declared void and set aside and cancelled"; that from the proceeds in court $1,000.00, the consideration named in the deed, be paid with interest to Mrs. Mae Woody White; that these claimants be awarded their respective shares of the remainder; and for such other and further relief as they may be entitled to. Mrs. White moved to dismiss as much of this claim as sought a judgment and decree cancelling and declaring void her deed, for want of jurisdiction in the court to grant such equitable relief. A district judge heard this motion and overruled this ground of it, not passing on the other grounds, but stated that he would consider a motion to refer the issue to a state court. The matter came on before another district judge, on a motion by Mrs. White to require the Clark heirs to institute an action to cancel in a state court; and on an amendment of her motion to dismiss. This judge held that though it had been decided that the district court had jurisdiction it did not have exclusive jurisdiction, and that a state court could try the validity of the deed and the

question of its cancellation in Union County, the residence of Mrs. White, and it was desirable that this be done. He further held that the attacked portion of the claim of the Clark heirs was an intervention not yet permitted by the court, and as they had another forum he would disallow and strike the allegations and prayers pertinent thereto, but would hold the fund till the further order of the court; and he ordered accordingly. From this order dismissing their claim based on the invalidity of the Hood Clark deed the Clark heirs appeal. Mrs. White appeals from the previous judgment holding that the district court has jurisdiction if it chooses to exercise it.

■ 1. Of the jurisdiction and duty of the district court in distributing the fund in a condemnation case to find out to whom it justly belongs we have no doubt, and technical considerations ought not to limit it. The Constitution requires that just compensation be made and the statutes charge the district court with seeing that this is done. It cannot be done by paying it to the wrong persons. See State of Texas v. Chuoke, 5 Cir., 154 F.2d 1. Revised 28 U.S.C.A. § 1358; 40 U.S.C.A. § 257. The persons entitled to the money are those who at the date of condemnation owned the land or some interest in it. Danforth v. United States, 308 U.S. 271, 60 S.Ct. 231, 84 L.Ed. 240. In Swanson v. United States, 9 Cir., 156 F.2d 442, 170 A.L.R. 258, it was held the interest might be one in law or equity. In Florida Beaches v. Niagara Inv. Co., 5 Cir., 148 F.2d 963, we said the district court can recognize not only the legal title but also plain equities in the property condemned, but that the district court should not undertake to decree specific performance of a contract which involved not only the condemned property but other property also. The present case does not present an effort by the Clark heirs to acquire an interest by a decree of specific performance, but is an assertion of a legal title cast upon them by law at the death of Hood Clark in 1942, if Hood Clark's deed was invalid as they assert it was.

■ The invalidity asserted is on two grounds: 1. "Hood Clark lived to be 75 or 80 years of age. He was uneducated, and almost illiterate being scarcely able to write his name and to read just a little, and for at least a year before he died he was mentally incapable of understanding and transacting any business. * * * Said deed was not read to Hood Clark and he did not read it and did not know the contents of it or that it was a deed and did not then have mental capacity to understand what he was doing." These seem to be allegations of a total want of capacity to contract. 2. There are plainer allegations of a confidential relationship between Clark and W. A. Woody, the official witness to the deed and the father of the grantee, and that he and not his daughter carried out the transaction and that he took advantage of the aged man and induced him to sign for $1,000.00 a deed to property worth $15,000.00; that the deed was not at once recorded and no possession taken under it till more than a year later and several months after the death of Hood Clark; under Georgia law all this might constitute fraud; and fraud may void a sale, Ga.Code, § 96-201, and renders all contracts voidable at the election of the person defrauded. Ga.Code, § 20-502. In Georgia contracts, including deeds, which are void or voidable, and not so ratified or acquiesced in as to become valid, need not be cancelled formally, but when relied on by an opponent in a litigation may be then and there attacked by proof of their invalidity. If, at the date of condemnation, the Clark heirs had sued Mrs. White at law, setting up title in Hood Clark and their inheritance from him, and she had offered in her defense the deed in controversy, they could have attacked it on the grounds set up without going into equity to secure a cancellation. Bourquin v. Bourquin, 110 Ga. 440, 442, 35 S.E. 710. Indeed as to fraud the Code is express that law and equity have concurrent jurisdiction. Ga.Code, §§ 37-701, 37-122.

■ While cancellation can be granted only by a court of equity it is wholly unnecessary in order to reach the rights of the parties in this land and by consequence in the money which now stands in place of the land. As to the condemned lands, the deed is no longer a muniment of title, for the United States holds them under a new and superior title by virtue of eminent domain. The deed is useful only as evidence in dis-

posing of the proceeds now in court. Its validity and effect there may be determined without cancellation. As it includes other lands not condemned, it would for that reason also be inappropriate for the district court to cancel it.

We conclude that the first order appealed from, upholding the jurisdiction of the court to enquire into the validity of the deed as it affects the money in court, was correct and it is affirmed. The prayer for cancellation of the deed however ought to be ignored or stricken for the reasons stated.

2. We are of the opinion that the second order declining the exercise of jurisdiction and seeking to force litigation in a state court was erroneous. The first ground of it, that the claim is an unpermitted intervention and to be dismissed for that reason is incorrect. The claim is the answer of original defendants and not an intervention. If it were an intervention it is one of right, filed to defend the interests of the Clark heirs in a fund about to be distributed. The prayer for cancellation alone was rightly disallowed.

The second ground, that it is advisable to let a state court determine the validity of the deed, we cannot approve. Its validity of course depends on state law, but there are only questions of fact to be tried, as to mental capacity and fraud. There are no new state statutes or constitution needing state construction, and no state policy to be formulated or clarified, requiring the federal court to abstain. There is no pending litigation in a state court, the decision of which would control; nor can the federal court cause any to be instituted. It has no receiver, or trustee in bankruptcy, whom it could direct to institute one. The United States has the land; the district court has the proceeds. The Clark heirs have applied to the court for their share of the money alleging by anticipation, or in reply to Mrs. White's claim, that her deed is invalid. We do not think the district court can refuse to try the issues.

The judgment on the cross-appeal, modified as indicated, is affirmed. The judgment on the main appeal is reversed with direction to proceed with the trial of the claims.