Argued April 11, 1955—Decided May 9, 1955.

*Price, Spivey & Carlton, J. P. Cheney,* for plaintiffs in error. *Morris & Morris, Dekle & Dekle,* contra.

Head, Justice. ■ The instrument relied upon by the plaintiff as a conveyance of the land described therein is a deed warranting title. The instrument is headed "Georgia, Screven County," and recites that it is an indenture, that a consideration has been paid, and that the grantor "has this day sold and conveyed unto the said party of the second part, its successors and assigns, all of the river swamp land, etc." Between the warranty of title and the conveying clause there appears this language: "The said first party by these presents also sells and conveys unto the said second party, its successors and assigns, all the timber and trees standing in the branch and bays on said land. And the said second party, its successors and assigns shall have thirty years in which to remove said timber and trees from said land."

If the language quoted above is inconsistent with the convey-

ing clause, the rule of statutory construction applies, and the conveying clause being the first expression, would take precedence over the limitation of years.

"If two clauses in a deed are utterly inconsistent, the former shall prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." Code § 29-109.

Furthermore, a consideration of the writing in its entirety evidences an intention to convey the lands in fee.

■ The deed describes the property conveyed as "all of the river swamp land, situate lying and being in the County of Jenkins, State of Ga. containing One Hundred and twenty-five (125) acres, more or less, and bounded as follows: On the North by the Ogeechee River; on the East by the Estate lands of J. B. Jones; on the South by lands of H. A. Jones [the grantor] and on the West by lands of E. Daniel, and being a part of Lot No. 2 in the division of the Estate of H. W. Jones, containing three hundred thirty-three and 1/3 (333-1/3) acres, more or less."

"The description of the land in a deed must be sufficiently certain to effect means of identification. A deed lacking in such certainty of description, standing alone, is inoperative either as a conveyance of title or as color of title." *Allen* v. *Smith*, 169 *Ga.* 395 (150 S. E. 584); *Crawford* v. *Verner*, 122 *Ga.* 814 (50 S. E. 958); *Blue Ridge Apartment Co.* v. *Telfair Stockton & Co.*, 205 *Ga.* 552, 561 (54 S. E. 2d 608), and citations.

A deed to land will not be declared void for uncertainty of description if it furnishes a key for the identification of the land intended to be conveyed. *Swint* v. *Swint*, 147 *Ga.* 467 (2) (94 S. E. 571); *Price* v. *Gross*, 148 *Ga.* 137, 138 (2) (96 S. E. 4); *Crider* v. *Woodward*, 162 *Ga.* 743, 747 (135 S. E. 95); *Bibb County* v. *Elkan*, 184 *Ga.* 520, 526 (192 S. E. 7); *Laurens County Board of Education* v. *Stanley*, 187 *Ga.* 389 (200 S. E. 294); *Deaton* v. *Swanson*, 196 *Ga.* 833 (28 S. E. 2d 126); *Bruce* v. *Strickland*, 201 *Ga.* 526 (40 S. E. 2d 386); *Gainesville Midland Railroad Co.* v. *Tyner*, 204 *Ga.* 535 (50 S. E. 2d 108); *White* v. *Spahr*, 207 *Ga.* 10 (59 S. E. 2d 916).

In the present case the trial judge held that the words "swamp land" furnished a key, and that the description, therefore, would be sufficient when aided by parol testimony. The writer has been

unable to find any decision by this court ruling that "swamp land" is such a key that the description may be aided by parol testimony. Webster defines a swamp as "wet, spongy land; soft, low ground saturated, but not usually covered, with water." Webster's Unabridged Dictionary (2d ed.), p. 2544. The court is not judicially informed (Code § 38-112) as to whether or not a line of demarcation may actually exist between "swamp" land and other lands to such an extent that it might be established by parol testimony.

In *A. C. Alexander Lumber Co.* v. *Bagley,* 184 *Ga.* 352 (191 S. E. 446), this court held, in a full-bench decision, that a contract to cut timber on land "known as the pond site of about 150 acres, more or less," could not be held void for uncertainty, the contract being sufficient to furnish a key to identification of the lands described. It having been held that the words "pond site" furnished a key to identification, it will not be ruled that, as a matter of law, the words, "swamp land" are so vague and uncertain that a line of demarcation between "swamp" lands and other lands might not be established by parol testimony.

The trial court did not err in overruling the demurrers.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., absent on account of illness.*