**M. H. HARDISON, Appellant,**

v.

**John J. McCREARY, Appellee.**

**No. 19362.**

United States Court of Appeals
Fifth Circuit.

June 29, 1962.

Roy B. Friedin, Vienna, Ga., J. Sewell Elliott, Macon, Ga., Davis & Friedin, Vienna, Ga., Elliott & Davis, Macon, Ga., for appellant.

John J. McCreary, Macon, Ga., for appellee.

Before BROWN, WISDOM and BELL, Circuit Judges.

BELL, Circuit Judge.

This appeal arises out of the condemnation by the United States of America for military purposes of interests varying from fee simple title to power line easements in seven tracts of land in Land Lots 82 and 83, 6th Land District, Peach County, Georgia.

Appellant by answer claimed all of the land involved. Appellee claimed all of the land being taken in Land Lot 82 and a portion of that being taken in Land Lot 83. It was agreed in advance of trial that sums paid into the registry of the court by the government represented just compensation for the property taken with the only dispute being ownership as between the parties here. It was agreed that the court should resolve this issue without the intervention of a jury, and apportion the funds accordingly.

A total of $4,317.30 was paid into the registry. This was divided on final decree $2,503.79 to McCreary and $1,813.51 to Hardison. The basis of the division was such as to sustain the claim of McCreary in entirety, it being undisputed that Hardison owned that portion of the lands being taken which were not claimed by McCreary, and which lands were adjacent to those of McCreary.

The court tried the conflicting claims of these parties on the theory of a proceeding in the nature of an interpleader thus ruling for the claimant having the superior claim as between them to the fund. This eliminated the legal niceties ordinarily involved in a strict suit for title. The burden was on the prevailing claimant simply to show a claim superior to that of the other, it being implicit in the pretrial agreement that title was vested in one or the other. This was the proper procedure and under it the court was authorized to recognize both legal and equitable claims to the lands involved. Clark v. White, 5 Cir., 1950, 185 F.2d 528; State of Texas v. Chuoke, 5 Cir., 1946, 154 F.2d 1.

All of the tracts in dispute here are a part of a ninety eight acre tract formerly owned by Davis, and conveyed by Davis to Hardison December 22, 1938. It was acquired by McCreary by sheriff's deed made pursuant to a sale under and by virtue of an execution issued against Hardison and others in 1944. The description of the land was precisely the same as that contained in the deed to Hardison.

There were separate chains of title based on tax deeds to at least two portions of the same ninety eight acre tract into R. H. Hardison who in turn conveyed both to Mrs. Ella M. Hardison by quit claim deed prior to the sale by the sheriff, but after levy. Mrs. Ella M. Hardison filed suit in Bibb Superior Court against McCreary shortly after the acquisition by him, claiming all of the ninety eight acre tract as against him, and seeking to have the deed from the sheriff set aside and cancelled. McCreary prevailed in that suit. The title of Mrs. Hardison was found to be inferior to that of McCreary and she was enjoined from exercising any act of dominion over the property.

Hardison, while claiming this land at and after the time of the sale by the sheriff, admitted that he had never returned it for taxes except in the name of his mother, Mrs. Ella M. Hardison, or as a part of her estate. He testified that he did this to please his brothers and sisters. He now claims the land as against McCreary by prescription based on adverse possession and contends that McCreary acquired nothing by virtue of the deed from the sheriff because the description of the land contained therein was so indefinite as to be inoperative either as a conveyance of title or as color of title. His position is that he remained in possession under the Davis deed.

McCreary bases his claim on the sheriff's deed, his payment of ad valorem taxes on the land for each year since 1944, his act in conveying it as security for a loan which conveyance was duly recorded, and in entering into a land line agreement with an adjoining land owner.

No adverse claim was ever made against McCreary. In fact it was un-

disputed that Hardison discussed, both personally and through counsel, a re-acquisition of the land from McCreary, and even paid most of the amount due under the execution which was the basis of the sale to McCreary. The writ of execution was marked paid by McCreary and delivered to Hardison but no reconveyance was ever made because Hardison failed to repay sums advanced by McCreary to satisfy other executions outstanding against Hardison in order to protect his title under the sheriff's deed.

Hardison, who owned the adjacent land, maintained his possession of this land after the sheriff's sale at least by cultivating a part of it and selling pulpwood on two occasions from it. McCreary never complained about this. However, a title based on adverse possession in Georgia must be accompanied by a claim of right which Hardison wholly failed to prove. The Davis deed would not suffice as a claim of right because the sheriff's deed intervened and no semblance of a claim of right appears thereafter. Ga.Code § 85–402; Bell v. Chandler, 1857, 23 Ga. 356; Cowart v. Young, 1885, 74 Ga. 694; and Ewing v. Tanner, 1937, 184 Ga. 773, 193 S.E. 243.

But, says Hardison, this is not necessary because McCreary acquired nothing whatever under the sheriff's deed in view of the inadequacy of the description. The law of Georgia is that a deed is sufficient if it is certain, or if it furnishes the key to identify the land intended to be conveyed. The maxim, *id certum est quod certum reddi potest*, applies. Swint v. Swint, 1917, 147 Ga. 467, 94 S.E. 571; Sharpe v. Savannah River Lumber Corporation, 1955, 211 Ga. 570, 87 S.E.2d 398; and Flournoy v. United States, 5 Cir., 1940, 115 F.2d 220. Here the description in the sheriff's deed set out the county, land district and land lot numbers in which the land was situated, the names of the adjoining land owners and that it was the property of appellant Hardison. There was evidence that the named adjoining land owners were formerly such in fact. We think these facts furnished a sufficient key to identify the land when considered in the light of the prior deeds conveying the same land to which reference may be made under the Georgia law. Knighton v. Hasty, 1946, 200 Ga. 507, 37 S.E.2d 382; and McAfee v. Arline, 1889, 83 Ga. 645, 10 S.E. 441. See also Davis v. Seybold, 4 Cir., 1912, 195 F. 402.

An abstract of title was introduced in evidence without objection after a misunderstanding as to its admissibility developed between counsel, and counsel for McCreary asked for time in which to obtain certified copies of certain deeds. We take it as being admitted in evidence in lieu of the deeds and for that reason it is not regarded as hearsay as is now suggested by Hardison.

The deeds set out in the abstract show that the portion of the ninety eight acre tract in Land Lots 82 and 83, being the only part of the whole tract here involved, was acquired more than fifty years ago by J. B. Hardison in three separate tracts totaling ninety acres. The other eight acres in the tract lies in Land Lot 79. The description of a fifty acre tract and a ten acre tract which comprise all of the land in the ninety eight acre tract lying in Land Lot 82 is sufficient. The description of the thirty acre tract situated in Land Lot 83 appears to be uncertain but it is rendered certain by considering the description with other evidence which shows that the east and south boundaries of this tract are land lot lines and that it is bounded on the north and west by other lands consisting of the balance of the land lot in one ownership, and now owned by appellee Hardison.

We think that the description is adequate for the purposes here in that it furnishes a sufficient key to identify the land when taken with the sum of the other evidence in the case.

All other errors assigned have been carefully considered and each is without merit. The long and the short of this case is that the trial court as it should have, in balancing the equities between

the parties weighed the conflicting claims upon a consideration of all of the relevant facts and circumstances. And the view of the court that the scales tipped in favor of McCreary must stand unless that ruling is shown to be clearly erroneous. Rule 52(a), Fed.R.Civ.P., 28 U.S.C.A. Such not being shown and no prejudicial error appearing, the judgment appealed from must be and is

Affirmed.