22439. CHAMPION et al. v. NEASON.

ARGUED APRIL 14, 1964—DECIDED MAY 7, 1964.

*Saul Blau,* for plaintiffs in error.
*Edward D. Wheeler,* contra.

ALMAND, Justice. The plaintiffs in error, Robert Champion, Jr. and his wife Stella, brought this action in the Superior Court of DeKalb County against Robert Neason seeking an injunction barring Neason from using an easement over the plaintiffs' property. In the petition it was alleged that the defendant's predecessor in title had conveyed the land which the plaintiffs now own with the following reservation: "Grantor reserves for herself, her heirs, and assigns, the right to use the private driveway as presently located for ingress and egress to her property located immediately to the rear of the above described property." The defendant is the successor in title of the lot for whose benefit the reservation of the easement was made. It was further alleged that the easement was void and unenforceable because the description of the easement was too vague and indefinite and because there was no well defined private driveway in existence at the time of the reservation. After a hearing the court issued an order denying the plaintiffs a temporary injunction. Error is assigned on the order of the court denying the temporary injunction.

A deed conveying land which reserves an easement to the grantor is the equivalent of an express grant of an easement by the grantee. *O'Barr v. Duncan,* 187 Ga. 642 (2 SE2d 82). The description in a deed is sufficient if it provides a key so that the land conveyed may be identified. *Sharpe v. Savannah River Lumber Corp.,* 211 Ga. 570 (87 SE2d 398). The same rule applies to the description of an easement in a deed. In the *Sharpe* case, supra, it was held that the words "swamp land" in a deed furnished a key to identification and that the deed was not void for vagueness. Applying this rule to the instant case we are of the opinion that the description "the private driveway as presently located" furnishes a key to the identification of the easement and that the description is not too vague and indefinite. The other contention of the plaintiffs in error, that there was no driveway in existence at the time of the reservation, is equally without merit. There was evidence in the record to show that the driveway had been in existence and used by the defendant and his predecessors in title since 1929 and that the reservation was not made until 1953. Clearly the trial judge did not err in denying the temporary injunction. *Wilson v. Blake Perry Realty Co.,* 219 Ga. 57 (131 SE2d 555); *Holland Pecan Co. v. Brown,* 177 Ga. 525 (170 SE 357).

*Judgment affirmed. All the Justices concur.*