32622, 32623. TALMADGE v. ADAMS et al.; and vice versa.

MARSHALL, Justice.

On February 2, 1976, the appellant commenced this action against the appellees and others for the recovery of various lots within a 70-acre tract of land.

The 70-acre tract is on Jackson Lake, which is located in Jasper County, Georgia. The lots within that tract which were initially involved in this litigation are Lots 1-4 of Block A and Lots 1-4 of Block B, known collectively as "Peters Point." The grant of summary judgment in favor of the other defendants removed the question of title to the lots within Block B. Therefore, Lots 1-4 of Block A are the only lots presently involved in this appeal.

Both the appellant and the appellees are grantees within the chain of title of the original owner of the tract, C. H. Pope. C. H. Pope conveyed the entire 70-acre tract to Bessie Pope Therrel in 1943.

Bessie Pope Therrel conveyed the property to Williams Lumber Company in 1950, reserving to herself in a margin reservation in that deed Lots 1-4 of Block A as well as Lots 1-5 of Block B. Williams Lumber Company conveyed the property it had received to Carl C. Williams, who, in turn, conveyed to Marvin C. Johnson.

The appellees are the named grantees in a 1958 deed from Marvin C. Johnson, which in the granting clause conveyed to them the entire 70-acre tract, even though various lots within the tract had previously been reserved by Therrel. Immediately after the granting clause the boundaries of the property are described, with the

statement that these are in accordance with a certain plat recorded in the office of Clerk of Jasper Superior Court. The date the plat was recorded and the number of the plat book and page are set out in the deed.

In the following clause, there appears a recitation stating that, "the above described property being the same as that covered in deed from Mrs. Bessie P. Therrel to Williams Lumber Company, Inc., with the exception of . . . [various lots not involved in this case]." As noted, supra, the deed from Therrel to Williams Lumber Company contains a margin reservation which reserves to the grantor Lots 1—4 of Block A.

The appellant is the executrix of the last will and testament of Pauline P. Talmadge. Lots 1—4 of Block A and Lots 1—5 of Block B were conveyed to Mrs. Talmadge in a 1971 executor's deed from the executors of the last will and testament of C. H. Pope. C. H. Pope, in turn, held these lots under an executor's deed from the executor of the last will and testament of Mrs. Bessie P. Therrel.

The appellees defended this action, arguing that they had been in actual adverse possession of the property under color of title for a period of time in excess of 7 years. Code § 85-407. They argued, in addition, that they and their predecessors-in-title had been in actual adverse possession of the property for a period of time in excess of 20 years. Code § 85-406. On this basis, the appellees maintained that they had acquired prescriptive title to the property.

At the conclusion of the evidence the trial court denied the appellees' motion for a directed verdict under Code § 85-407 (7 years' adverse possession under color of title). The case was then submitted to the jury on the question of adverse possession under Code § 85-406 (20 years' adverse possession without color of title). The jury returned a verdict in favor of the appellees.

The appellant-plaintiff appeals, arguing that the trial court erred in overruling her motions for judgment n.o.v. and for a new trial. In support of her position, the appellant contends that the evidence introduced at trial shows the following:

(1) that the appellees did not receive title to the property until 1958, approximately 18 years before this

suit was filed;

(2) that the appellees did not exercise any dominion over the property sufficient to constitute adverse possession until 1960; and

(3) that the appellees' immediate predecessor in title, Johnson, exercised no dominion over the property, thus foreclosing the possibility of tacking successive periods of adverse possession under Code § 85-416.

The appellee-defendants cross appeal, arguing that the 1958 deed from Johnson to them constitutes color of title to the entire 70-acre tract, less any specific reservations contained in that deed. Rephrasing the issue, the appellees argue that color of title under the 1958 deed would not be limited or enlarged by the contents of some other instrument to which it referred.

Thus, the appellees argue that the jury's verdict, having ample evidence in the record to support it, should be affirmed. In the event of a reversal, they urge this court to rule that the trial judge erred either in overruling their motion for directed verdict under Code § 85-407 or in withdrawing that issue from the jury's consideration. *Held:*

1. As argued by the appellant, the submitted evidence failed to establish that the appellees have been in adverse possession of the property for 20 years, as required by Code § 85-406. In fact, the evidence positively shows that the appellees did not acquire title to the property until 1958, and were not, themselves, in possession of the property prior to that time. Furthermore, there do not appear from the record any acts of adverse possession on the part of the appellees' predecessors in title so as to permit a tacking of successive adverse possessions.

At the time the appellees purchased their property in 1958, it appears that the 70-acre tract was for the most part undeveloped, raw acreage. The appellees' immediate predecessor in title, Johnson, testified as to the payment of taxes on part of the property by himself and the cutting of timber from part of the property by another prior owner. However, no evidence was adduced showing that these acts were done in relation to Lots 1—4 of Block A. In addition, payment of taxes on the property is insufficient

to establish prescriptive title. See *Mitchell v. Gunter,* 170 Ga. 135 (152 SE 466) (1930); Pindar, Ga. Real Est. Law, § 12-36.

Therefore, the jury verdict, finding that the appellees had acquired prescriptive title to the property through 20 years' adverse possession, must be reversed.

2. However, we do believe that the trial court erred in not submitting to the jury the question of 7 years' adverse possession with color of title under Code § 85-407.

The 1958 conveyance from Johnson to the appellees upon its face professes to pass title to the entire 70-acre tract but did not do so from a want of title in the grantor. Therefore, even though the deed did not invest the appellees with legal title to the property, we hold that it did bestow upon them the color of title. See *Beverly v. Burke,* 9 Ga. 440 (1851); Ga. Real Est. Law, supra, § 12-40.

We are not unmindful of the fact that the 1958 deed referred to a prior deed from Therrel to Williams Lumber Company, that excluded from its operation the lots presently in dispute. However, as we view it, the reference to the prior deed was not for the purpose of giving an identification or description of the property conveyed. The identification of the property was found in a recorded plat, which was referred to in the deed. As we interpret the 1958 deed, the reference to the prior deed was for the purpose of showing from what source title to the land was derived.

It appears to be the general rule that when a reference to another deed is made merely for the purpose of showing from what source title was derived, it will not operate to restrict the description relied upon in the deed from which reference is made. 26 CJS 886, Deeds, § 101; 8 EGL, Deeds, § 158.

The trial court did not, however, err in denying appellees' motion for a directed verdict under Code § 85-407, as the evidence concerning the appellees' adverse possession did not demand, although it authorized, a favorable jury verdict.

Therefore, the case must be reversed and remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and remanded. All the Justices concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED OCTOBER 25, 1977 —
REHEARING DENIED NOVEMBER 9, 1977, IN CASE NO. 32623.

*Scott Walters, Jr.,* for appellant.
*Hall, Bloch, Garland & Meyer, Benjamin M. Garland,* for appellees.