UNITED STATES of America,
Plaintiff-Appellee,

v.

350.925 ACRES OF LAND, MORE OR LESS, SITUATE IN PRESIDIO COUNTY, STATE OF TEXAS, Juan B. Ramirez, et al., Defendants-Appellants,

v.

Charles SPENCER et al.,
Defendants-Appellees.

No. 78–1160
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1979.

Bill G. Alexander, Odessa, Tex., for defendants-appellants.

George R. Hyde, Carl Strass, Atty., Lands Div., Dept. of Justice, Washington, D. C., Richard L. Lassen, Phoenix, Ariz., for S & D Cattle.

William L. Kerr, Midland, Tex., for plaintiff-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

In this eminent domain proceeding several parties asserted conflicting ownership claims to the land in question and hence to the compensation award paid into the court. The district court granted the appellee's motion for summary judgment finding that Charles Spencer had good limitation title to the land in question.[1] The only issue on appeal is whether the district court correctly granted the summary judgment motion.[2]

█ The appellant, in opposing the grant of summary judgment, argued that Spencer's limitation title was not established as a matter of law. The appellant did not, however, show that he had a superior claim to the property in question. For this reason, the appellant failed to effectively countervail the appellee's motion for summary judgment.

█ An eminent domain proceeding to determine who has title to the property is properly treated as a proceeding in the nature of interpleader. *Hardison v. McCreary*, 304 F.2d 699 (5th Cir. 1962). The burden on the prevailing claimant is simply to show that his claim is superior to that of the other. *Id.* Since the appellant did not establish any basis for his claim to the property, Spencer's claim based on his possession and use of the property for statutory period, whether or not it is sufficient to establish limitation title as a matter of law, is clearly superior to the appellant's claim. *See* Nichols, Eminent Domain, § 5.2[3] at 5–42 (1976). Therefore, the grant of summary judgment was proper and it is affirmed.

AFFIRMED.

1. Appellee's motion for summary judgment showed that for well over the statutory period, Spencer had continuously claimed and farmed the land as his own. Aside from raising crops, he constructed and maintained various improvements on the property including fences and an irrigation system. His workers had lived in a camp on the property for many years.

2. No opposition was filed to appellee's motion for summary judgment. After the court granted the motion, appellant moved to vacate and/or to reconsider the summary judgment, and for a rehearing. The district court heard oral argument and entered judgment denying the appellant's motion and granting (again) the appellee's summary judgment motion. Appellants then appealed from this judgment.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.