## S95A1793. HOWARD v. RIVERS et al.
### (465 SE2d 666)

BENHAM, Chief Justice.

Joe and Robert Rivers filed an action against Howard to establish an easement across Howard's land for the purpose of access to adjacent property owned by the Riverses. The basis of the claim of easement was the Riverses' assertion that they had used an existing roadway across Howard's property for the 20 years needed to establish an easement by prescription across wild land pursuant to OCGA § 44-9-1. A jury returned a verdict for the Riverses and, after the trial court denied her motion for new trial, Howard filed this appeal. In all three of her enumerations of error, she raises issues dependent on the evidence, contending that she was entitled to a directed verdict at trial because the evidence was not sufficient to establish the easement, that the verdict and judgment did not adequately identify the location of the easement, and that the trial court should have limited the use of the easement to foot traffic. Because our review of this case persuades us that none of Howard's argument is supported by the record, we affirm.

1. "The standard for appellate review of a directed verdict is the 'any evidence' test. [Cit.]" *Southern Gen. Ins. Co. v. Holt,* 262 Ga. 267 (1) (416 SE2d 274) (1992). The evidence at trial established that the Riverses and their agents have used the same road over Howard's property, which the parties agreed are wild lands, for more than 20 years, repairing it when necessary. Howard and her predecessors were on notice of the use, though the Riverses never asked for and the

owners of the land never gave permission to use it. Although the use of the road by the Riverses was not daily, there was evidence that their use was of a frequency appropriate to the use of the land, which was hunting and logging. See *Chamblee v. Johnson*, 200 Ga. 838 (1) (38 SE2d 721) (1946); *Anneberg v. Kurtz*, 197 Ga. 188 (1) (28 SE2d 769) (1944). There being evidence introduced at trial that met the requirements of OCGA § 44-9-1, the trial court did not err in denying Howard's motion for directed verdict.

2. In her second enumeration of error, Howard complains that the judgment does not adequately describe the easement. She does not, however, suggest what the defect in the description is. The description of an easement is sufficient if it provides a key so that the land where the easement is located can be identified. *Glass v. Carnes*, 260 Ga. 627 (4) (398 SE2d 7) (1990); *Champion v. Neason*, 220 Ga. 15 (136 SE2d 718) (1964). The judgment itself contains a description of the easement and makes specific reference to a diagram which shows the easement on Howard's property and is attached to the judgment. That is a sufficient description. See *Norton Realty &c. Co. v. Board of Ed.*, 129 Ga. App. 668 (4) (200 SE2d 461) (1973).

Howard's related argument, that the easement should not have been established because there was testimony of more than one road used by the Riverses, is refuted by the record. The evidence at trial was sufficient to enable the jury to conclude that a single road was used and that the one shown on the diagram attached to the judgment, which diagram was admitted in evidence and was with the jury during its deliberation, was that single road.

3. Finally, Howard complains that the easement should have been limited to foot traffic because the evidence showed that was the most common means of access to the Riverses' property. While it is true that a prescriptive easement does not extend beyond the possessio pedis (*Kerlin v. Southern Bell Tel. &c. Co.*, 191 Ga. 663 (2) (13 SE2d 790) (1941)), there was evidence that various of the trips over Howard's property, including hunting and logging expeditions, were made by vehicle. There being evidence that the use of the easement included vehicular as well as foot traffic, there was no error in the trial court's refusal to limit the use of the easement to foot traffic.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 1996.

*Dubberly & McGovern, B. Daniel Dubberly III*, for appellant.
*Cowart & McCullough, Hugh J. McCullough*, for appellees.