S99A0443. ARMOUR et al. v. PEEK.
(517 SE2d 527)

BENHAM, Chief Justice.

This appeal is from an order granting summary judgment to the defendant in an action to set aside a deed. The plaintiffs in that action, appellants here, are members of the Armour family. They filed this action to set aside a deed from their relative, Leroy Armour, to Joe B. Peek, Sr., which deed purported to convey title to two tracts of land, one consisting of 15 acres, the other consisting of 48.6 acres. The grounds upon which the Armours relied were Leroy Armour's alleged mental incompetence at the time of the sale, and an alleged defect in his title. Peek relied primarily on a claim of prescriptive title, contending that he has held the property under color of title for more than seven years. The Armours contend that summary judgment for Peek was error because questions of fact remain concerning three issues: whether the deed Peek got from Leroy Armour was limited by the language of the deed to Leroy Armour from his grantor; whether Peek obtained his deed fraudulently in that he knew that Leroy Armour lacked the mental capacity to execute a deed; and whether the Armours were sufficiently on notice of Peek's claim of ownership from the time he got the deed so as to permit his title to ripen by prescription.

1. The property Peek bought from Leroy Armour was conveyed to Leroy Armour in 1959 by a deed which described the two tracts involved, but recited that the grantor had a one-third undivided interest in the larger of the two tracts. The deed from Leroy Armour to Peek contained the same descriptions for the two tracts, but did not mention the one-third interest, though the deed did state that the property involved was the same tract conveyed to Leroy Armour by

his grantor in 1959. The Armours contend that Peek could not obtain better title than his grantor, Leroy Armour, and that he took, at most, a one-third interest in the larger tract. In *Talmadge v. Adams*, 240 Ga. 193 (2) (240 SE2d 9) (1977), this Court held that although a conveyance such as that from Leroy Armour to Peek could not, by deed, convey the whole interest, the deed bestowed color of title under which title by prescription would ripen in seven years. See OCGA § 44-5-164. In *Talmadge*, as here, the reference to the earlier deed was not for the purpose of describing or identifying the property, because that was accomplished by reference to records, but was for the purpose of showing from what source title derived. Thus, the deed from Leroy Armour to Peek was sufficient to bestow on him color of title, which could ripen into complete title by his possession of it for at least seven years. Id.

2. "[G]ood faith being a prerequisite to acquiring title by prescription under color as provided in [OCGA § 44-5-164], one holding possession under color of title, which he knows was fraudulently procured, can not acquire prescriptive title regardless of the period of time such possession is held." *Harrison v. Holsenbeck*, 208 Ga. 410, 413 (67 SE2d 311) (1951). The Armours argue that Peek's title is infected with fraud because he knew Leroy Armour lacked the mental capacity when the deed was executed to understand what he was doing.

The record, however, does not support the Armours' position: not only does it fail to disclose Peek's knowledge of the asserted mental incapacity, it does not establish the fact of Leroy Armour's mental capacity at the time the deed was executed.

> The law presumes every man to be sane until there is evidence to the contrary, and the burden is on the party attacking a contract to show the incompetency of the signer at the time of the execution thereof . . . . In order to avoid a contract on the ground of mental incapacity of the maker, he must have been non compos mentis, that is, entirely without understanding, at the time the contract was executed. [Cit.]

*Jones v. Smith*, 206 Ga. 162 (8) (56 SE2d 462) (1949). All the Armours established of record about Leroy Armour's mental capacity is that sometime in his advanced years, he would forget where he parked his car and would fail to recognize some relatives. Nothing in the evidence of record shows that Leroy Armour, at the time he executed the deed, did not have the competence necessary to convey his property.

A defendant who will not bear the burden of proof at trial

need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]

*Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Peek discharged his burden on motion for summary judgment on the issue of Leroy Armour's mental capacity, and the Armours did not come forward with specific evidence giving rise to a triable issue.

3. Finally, the Armours contend that Peek's possession of the land was not sufficiently open to give them notice of his adverse claim until timber was cut on the property in 1995. However, Eddie Armour, the member of the Armour family authorized to speak for it, admitted in deposition testimony to being aware of several indicia of Peek's ownership, including cultivating garden plots, harvesting trees, creating and maintaining roads, hunting, and excluding members of the Armour family from use of the property. Eddie Armour also indicated an awareness of Peek's claim of ownership and use of the land from the time Leroy Armour deeded it to him. The evidence of record established that Peek's possession of the property was "public, continuous, exclusive, uninterrupted, and peaceable," as is required by OCGA § 44-5-161 (a) (3). *Georgia Power Co. v. Irvin,* 267 Ga. 760 (1) (c) (482 SE2d 362) (1997).

The record of this case contained evidence supporting Peek's claim of prescriptive title, and the Armours did not come forward with contrary evidence that would make issues of fact for a jury. Accordingly, the trial court did not err in granting summary judgment to Peek.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 1999.

*Melvin Abercrombie, Daniel C. Jason,* for appellants.
*Gary O. Bruce,* for appellee.