**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 5, 2018**

# In the Court of Appeals of Georgia

A18A1366. MERCER v. MERCER.

MCFADDEN, Presiding Judge.

This action concerns title to land. The parties are brothers and co-executors of their mother's estate. They were jointly bequeathed several tracts of land, subject to a life estate in their father for the marital dwelling. After their father's death, they executed quitclaim deeds to one another conveying fee simple title to all the property east of a dividing line to one of them and all property west of it to the other. The marital dwelling is east of the dividing line. The brother holding the eastern share brought this action seeking a declaratory judgment that his share includes the marital dwelling. The trial court granted summary judgment in his favor. Because there are no genuine issues of material fact and he is entitled to judgment as a matter of law, we affirm.

1. *Facts and procedural posture.*

"On appeal from a grant of summary judgment, we conduct a de novo review of the evidence to determine if there exists a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, entitle the movant to judgment as a matter of law." *Lafontaine v. Alexander*, 343 Ga. App. 672, 673 (808 SE2d 50) (2017) (citation omitted). So viewed, the evidence shows that Marion Mercer and John Mercer III are brothers who inherited real property from their mother after her death in 1997. Item VII of the mother's last will and testament provided that she bequeathed to her sons "all of the real property (land) that I may own outright or that I may have an interest therein to be theirs absolutely and in fee simple, without accountability in the general distribution of my estate, in equal shares, share and share alike." Item V of the mother's last will and testament also bequeathed to her husband, John Mercer Jr., "for and during his natural life, the present dwelling where we now live, . . . giving and granting to my said husband the use and rentals thereof . . . for and during his natural life as aforesaid with remainder over at his death to my sons [John Mercer III and Marion Mercer] in equal shares, share and share alike."

As co-executors of their mother's estate, the Mercer brothers executed two executors deeds on December 31, 1998. One of the executors deeds conveyed to their father, John Mercer Jr., approximately two acres of land upon which the marital dwelling was located, for and during his natural life, with the remainder over to the brothers as provided in Item V of their mother's last will and testament. The other executors deed conveyed to the brothers, absolutely and in fee simple, the various tracts of real property that had been owned by their mother, less and except the approximate two acre parcel upon which the marital dwelling was located and in which a life estate had been conveyed to the father.

Thereafter, the father passed away and the Mercer brothers agreed to divide the inherited real property that they owned jointly. The brothers had a survey prepared to memorialize the agreement and recorded a plat showing a surveyed line of division, whereby Marion Mercer would receive sole title to the property west of the line and John Mercer III would receive sole title to the property east of the line. The brothers executed quitclaim deeds, which incorporated the recorded plat, in favor of each other to effectuate the agreed upon division of the property. It is undisputed that the approximate two acre tract upon which the marital dwelling sits is located to the east of the surveyed line of division.

3

In 2016, John Mercer III filed the instant declaratory judgment action, seeking a declaration from the trial court that he owns all of the subject property located east of the surveyed division line, including the approximate two acre tract upon which the dwelling is situated. Marion Mercer answered the complaint, claiming that he had not conveyed his interest in that two acre tract pursuant to the quitclaim deed. John Mercer III filed a motion for summary judgment and a hearing was scheduled. The trial court granted the motion, finding that the quitclaim deed "clearly and unequivocally conveyed to Petitioner [John Mercer III] all of the interest of Respondent Marion Starling Mercer in the real estate lying east of the surveyed division line as per the agreed upon plat." Marion Mercer appeals from that summary judgment ruling.

2. *Grant of summary judgment.*

Marion Mercer enumerates that the trial court erred in granting the motion for summary judgment because the interest conveyed by him in the quitclaim deed did not include his interest in the two acre dwelling tract. We disagree.

The quitclaim deed executed by Marion Mercer provided that in consideration of a division of property, he had bargained, sold, released and quitclaimed to John Mercer III

all right, title, interest, claim, or demand that [Marion Mercer] has or may have had in the following described property, to wit: All that certain tract or parcel of land situate, lying and being in Original Land Lots No. 299 and 300 in the 6th Land District of Atkinson County, Georgia, consisting of all those lands *East* of the surveyed line of division more fully shown on a plat of survey prepared by White Surveying Co. for John Mercer [III] & [Marion] Starling Mercer dated March 14, 2002, recorded in Plat Book 5, Page 217, in the Office of the Clerk of Superior Court of Atknison County, Georgia. *The same being the entire interest of Grantor [Marion Mercer] in said surveyed lands jointly deeded to Grantor [Marion Mercer] and Grantee [John Mercer III] pursuant to an Executor's Deed recorded in Deed Book 146, Page 201, in the Office of the Clerk of Superior Court of Atkinson County, Georgia,* and being more particularly divided, depicted, and described on said plat of survey. Said plat of survey being incorporated herein for all lawful and descriptive purposes.

(Italics supplied.)

As the trial court correctly found, the plat of survey incorporated into the deed to describe the property conveyed did not cut "out any parcels east of the division line." And as noted above, it is undisputed that the two acre parcel at issue is located east of the division line. Indeed, nothing in the plain language of the quitclaim deed or in the incorporated plat excluded the two acre tract of land from the property conveyed by Marion Mercer to his brother John Mercer III. Rather, it is apparent from the property description in the quitclaim deed and the recorded plat that it includes all of the subject property east of the division line.

5

In arguing otherwise, Marion Mercer relies on the language italicized above, which references the 1998 executors deed in which the two acre tract was excepted from the property inherited by him and his brother from their mother. However, that two acre tract was excepted at that time because the brothers' father had been given a life interest in the property in order to live in the dwelling. But upon the father's death that life interest terminated and fee simple interest in the two acres accrued to the brothers jointly under the terms of their mother's will. Thus,

> as we view it, the reference to the prior [executors] deed was not for the purpose of giving an identification or description of the property conveyed. The identification of the property [was expressly made in the quitclaim deed and] was [also] found in a recorded plat, which was referred to in [and incorporated into] the [quitclaim] deed. As we interpret the [quitclaim] deed, the reference to the prior [executors] deed was [merely] for the purpose of showing from what source [Marion Mercer's] title to the land [being conveyed] was derived. It appears to be the general rule that when a reference to another deed is made merely for the purpose of showing from what source title was derived, it will not operate to restrict the description relied upon in the deed from which reference is made.

*Talmadge v. Adams*, 240 Ga. 193, 196 (2) (240 SE2d 9) (1977) (citation omitted).

So contrary to the appellant's argument, the reference to the earlier deed showing the source of his interest in the property did not restrict or alter the express description of the property as set forth in the quitclaim deed and the incorporated plat.

6

See *Armour v. Peek*, 271 Ga. 202, 203 (1) (517 SE2d 527) (1999) (reference to an earlier deed was not for the purpose of describing or identifying the property, because that was accomplished by reference to certain records, but was only for the purpose of showing from what source title was derived). Since the plain language of the quitclaim deed and the incorporated plat did not exclude the two acre tract from the property being conveyed, the trial court correctly granted summary judgment in favor of John Mercer III and properly declared that he owns all of the subject "real estate located east of the agreed upon and surveyed division line as per the [recorded] plat[.]" See OCGA § 9-11-56 (c) (summary judgment appropriate where the evidence shows that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law).

3. *Intention of the parties.*

Marion Mercer contends that the trial court failed to analyze the intention of the parties as to the quitclaim deed at issue. The contention is without merit.

"The cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." OCGA § 13-2-3. In this case, as discussed above, the plain

7

language of the quitclaim deed clearly conveyed Marion Mercer's interest in the subject property to John Mercer III. It is apparent from the trial court's final order, enforcing that conveyance, that the court properly ascertained the clear intention of the parties. There is nothing in the trial court's order to indicate otherwise and the appellant has not pointed to any evidence showing that the trial court failed to make the proper considerations. "Accordingly, [the appellant] has not overcome the presumption of regularity of the court's proceedings nor otherwise supported his claim of error." *Cuyler v. Allstate Ins. Co.*, 284 Ga. App. 409, 411 (2) (643 SE2d 783) (2007) (citation omitted).

*Judgment affirmed. Rickman, J., concurs. Ray, J., concurs in the judgment only.* \*

**THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2.**