[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11106
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-03812-CAP

METROPOLITAN LIFE INSURANCE COMPANY,

Plaintiff-Appellee,

vs.

JAYSON TUCKER,

Defendant-Appellant,

KAREN TUCKER, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 12, 2021)

Before MARTIN, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jayson Tucker appeals the district court's entry of judgment in favor of his brother, cross-claimant Shayne Tucker, in an interpleader action filed by Metropolitan Life Insurance Company pursuant to 28 U.S.C. § 1335. The dispute between Jayson and Shayne concerns the proper beneficiary of the life insurance policy of their mother, Marjorie Tucker.

Jayson was named the sole beneficiary of the life insurance policy in 1979, but in February of 2014, Shayne was named the sole beneficiary pursuant to a power of attorney ("POA") Ms. Tucker executed the month before. On appeal, Mr. Tucker, proceeding *pro se*, challenges his mother's contractual capacity at the time she executed the 2014 POA, arguing that her 2013 dementia diagnosis precluded her from having the requisite capacity to render the POA valid. Shayne did not file an answer brief. After review, we affirm.

## I

In deciding cases involving interpleader actions, we sometimes have to rule on issues of state law. *See Howell v. Union Producing Co.*, 392 F.2d 95, 98 (5th Cir. 1968). Though a federal interpleader action is not treated in all respects as a typical diversity case, "substantive state rules of decision generally govern federal interpleader proceedings." *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311

2

(5th Cir. 1980). In the past, for example, we have applied state law in determining the proper beneficiary of a life insurance policy. *See Davis v. Prudential Ins. Co. of Am.*, 331 F.2d 346, 348, 350-52 (5th Cir. 1964) (applying Texas law to determine whether a change of beneficiary from the decedent's wife to his mother constituted a transfer of community property in constituting fraud).

## II

Generally speaking, whether one has mental capacity to enter into a contract is a question of fact. *See Clark v. White*, 185 F.2d 528, 531 (5th Cir. 1950). We will not set aside "[t]he district court's findings of fact . . . unless they are clearly erroneous." *Fischer v. S/Y NERAIDA*, 508 F.3d 586, 592 (11th Cir. 2007) (citations omitted). A finding of fact is "clearly erroneous" when "the record lacks substantial evidence to support it." *Lightning v. Roadway Exp., Inc.*, 60 F.3d 1551, 1558 (11th Cir. 1995). Moreover, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted).

Georgia adheres to the doctrine of *lex loci contractus*, which holds that "contracts are to be governed as to their nature, validity and interpretation by the law of the place where they were made." *Gen. Tel. Co. of Se. v. Trimm*, 311 S.E.2d 460, 461 (Ga. 1984) (quotation marks and citation omitted) (alteration adopted). In addition, "Georgia law ordinarily honors choice-of-law provisions." *Bearden v. E.I. du Pont de Nemours & Co.*, 945 F.3d 1333, 1338 (11th Cir. 2019). A choice-of-law

3

provision will not be upheld if "the law is contrary to Georgia public policy, or the chosen jurisdiction has no substantial relationship to the parties or the transaction." *Rayle Tech, Inc. v. DEKALB Swine Breeders, Inc.*, 133 F.3d 1405, 1409 (11th Cir. 1998) (citation omitted).

In 2014, a properly executed POA under Georgia law required two adult witnesses—at least one of whom was not a blood relative or spouse of the signer—to watch the signatory sign his or her name on the document. *See* O.C.G.A. § 10-6-141 (2014). The witnesses had to sign the POA as well. *See id*. The POA did not need to be notarized unless it authorized real property transactions. *See id*.

Significantly here, Georgia law presumes that every individual is "of sound mind and discretion but the presumption may be rebutted." O.C.G.A. § 16-2-3. And "the burden is on the party attacking a contract to show the incompetency of the signer at the time of the execution thereof." *Jones v. Smith*, 56 S.E.2d 462, 466 (Ga. 1949) (citation omitted). Evidence of a "temporary lapse of sanity . . . at a previous time would create no presumption that it continued up to the time of the execution of a contract." *Id*. *See also Armour v. Peek*, 517 S.E.2d 527, 529 (Ga. 1999) (affirming judgment against the party who challenged the signer's contractual capacity when the record "d[id] not establish the fact of [the signer's] mental capacity at the time the [contract] was executed").

## III

As an initial matter, Jayson has waived any arguments challenging the applicability of Georgia law to the execution of the POA because he did not raise that issue on appeal. *See Timson*, 518 F.3d at 874 ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned."). And we conclude that the district court's implicit finding that Georgia law applies to this case is correct because the POA was executed in Georgia and contained a choice-of-law provision indicating that Georgia law governed. *See Trimm*, 311 S.E.2d at 461; *Bearden*, 945 F.3d at 1338; *Rayle Tech, Inc.*, 133 F.3d at 1409.

Ms. Tucker was an employee of General Electric and had life insurance coverage under a policy issued by MetLife, pursuant to an ERISA benefits plan. In January 2014, Ms. Tucker executed a durable POA that appointed Karen Tucker (Ms. Tucker's daughter and the sister of Jayson and Shayne) as her attorney-in-fact.

In February 2014, a beneficiary designation change was submitted to MetLife that named Shayne as the sole beneficiary of Ms. Tucker's benefits—including the life insurance policy—under the ERISA the plan. In June 2014, another beneficiary designation change was submitted to MetLife. This one named Karen the sole beneficiary. Ms. Tucker died in May of 2017, and in July of 2017, Karen and Shayne each made adverse claims to the benefits. MetLife then filed this interpleader suit.

Jayson submitted a declaration under penalty of perjury stating that Ms. Tucker was diagnosed with dementia Alzheimer's type in 2013. He included a letter from a doctor reflecting that diagnosis, and argued that Karen obtained the 2014 POA at a time when Ms. Tucker did not have the capacity to contract.

After Karen filed a notice withdrawing any claim to the benefits, the district court ordered Shayne and Jayson to submit any additional evidence they wanted it to consider in determining the proper beneficiary. When neither party submitted any further evidence or argument, the court entered judgment based on the record before it. The court noted that, other than Jayson's unsupported statement, nothing in the record indicated that Ms. Tucker lacked the mental competence needed to execute the 2014 POA.

The district court also found that under the terms of the POA, Karen could not validly amend the ERISA plan to make herself the beneficiary—thus, her purported June 2014 amendment was invalid. Because the POA was validly executed, however, Karen did have the authority to change the beneficiary to Shayne and she did so in the February 2014 amendment. The court found that, given any lack of evidence to the contrary, Ms. Tucker had the capacity to sign the 2014 POA, and that POA authorized Karen to make Shayne the beneficiary. *See Jones*, 56 S.E.2d at 466; *Armour*, 517 S.E.2d at 529.

The district court's finding regarding Ms. Tucker's contractual capacity is not

clearly erroneous because nothing in the record conclusively reflects her lack of mental capacity at the time she executed the 2014 POA. We agree with the district court's finding that the letters from Ms. Tucker's doctors, dated at the time of her diagnosis of mild senile dementia in 2013, do not necessarily indicate her mental state in January of 2014. The same is true of Jayson's declaration. Given Georgia's presumption of competence and Jayson's failure to present any additional evidence regarding Ms. Tucker's incapacity when the POA was executed in 2014, there was no clear error. The district court could have possibly come to a different conclusion, but it was not compelled to do so.

## IV

For the foregoing reasons, the judgment of the district court in favor of Shayne Tucker is affirmed.

**AFFIRMED**.